Louis Greve, Respondent, v. Ætna Live Stock Insurance Company, Appellant.

*Waiver of the statutory provision as to the place of trial of an action — insurance policy.*

The purpose of the statute prescribing the place of trial of actions brought in the Supreme Court is to further the convenience of litigants, and the benefits assured thereby may be waived.

The provision in a policy of insurance that any suit or action, at law or in equity, for the recovery of any claim or the enforcement thereof thereunder, should be brought and maintained and should be sustainable only in the courts of a certain county of the State, and that in any suit, action or proceeding for the recovery or enforcement of any claim whatever, under any certificate or policy issued by the insurer, the place of trial should be in such county, is not in contravention of public policy, is binding upon the parties and will be enforced.

Appeal by the defendant, Ætna Live Stock Insurance Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New

York on the 8th day of March, 1894, upon the decision of the court rendered at the New York Special Term sustaining the plaintiff's demurrer to the new matter contained in the defendant's answer.

*T. W. McArthur*, for the appellant.

*Robert Goeller*, for the respondent.

PARKER, J.:

This action is brought on a policy of insurance, the venue being laid in New York county. The answer alleged, as one of its defenses, that the policy of insurance upon which the action was based provided: "This policy of insurance is a contract made and to be performed in Glens Falls, Warren county, New York, and should be construed only according to the laws of the State of New York and the company's articles of incorporation; and any suit or action, at law or in equity, for the recovery of any claim or enforcement thereof hereunder, shall be brought and maintained and shall be sustainable only in the courts of said Warren county, State of New York; and in any suit, action or proceeding for the recovery or enforcement of any claim whatever, under any certificate or policy issued by said company, the place of trial shall be in the said county of Warren, State of New York."

To this defense plaintiff interposed a demurrer, which was sustained at Special Term; whether rightly, presents the only question on this appeal.

The position of the plaintiff was, and is, that while he became a party to a contract which provided that any suit to enforce it should be brought in the courts of Warren county, he is not bound by it, or rather that the court is not bound by it, because it contained an agreement in advance to oust the court of jurisdiction. And if the court for that reason refuses to recognize the agreement and retains the case for trial in the county where plaintiff lived and caused the venue to be laid, the result desired will be as effectually accomplished.

Our attention has not been called to any decisions in this State where the court has considered whether the stipulation of the parties will be permitted to determine the place of trial of actions.

The question has received some attention in other jurisdictions,

and without exception the decisions either directly sustain or tend to support the position taken by the court at Special Term. (*Nute* v. *Hamilton Mut. Ins. Co.*, 6 Gray, 174; *Hall* v. *People's Mutual Fire Ins. Co.*, Id. 185; *Amesbury* v. *Bowditch Mut. Fire Ins. Co.*, Id. 596; *Boynton* v. *Middlesex Fire Ins. Co.*, 4 Metc. 212; *Reichard* v. *Manhattan Life Ins. Co.*, 31 Mo. 518; *Guarantee Trust Co.* v. *Green Cove R. R. Co.*, 139 U. S. 137; *Home Ins. Co.* v. *Morse*, 20 Wall. 445; Greenhood Pub. Pol. 466; *Crane* v. *French*, 38 Miss. 503.)

Unless there are substantial grounds of public policy requiring that the courts shall refuse to recognize or enforce the stipulation of parties naming the counties in which such litigation as may arise out of the contract shall be tried, I see no sufficient reason for denying the right of parties to make and enforce such an agreement.

In the leading case in support of respondent's position (*Nute* v. *H. M. I. Co., supra*), the court introduced its discussion of the question of public policy as follows:

" We place no great reliance upon considerations of public policy, though, as far as they go, we think they are opposed to the admission of such a defense."

While on this appeal the views of counsel upon the question involved were presented with much care, whether the contract is one against public policy was given but a passing notice.

From such attention as we have been able to give to the question, it does not seem to us so manifestly against a sound public policy as to make it the duty of the court to refuse enforcement of the stipulation in the contract relating to the place of trial.

The suggestion that the court should resent this attempt to oust it of jurisdiction is unworthy of extended notice. The Supreme Court which administers justice in Warren county is the same Supreme Court as the one having general jurisdiction in law and equity in New York county.

The Legislature has not the power to deprive the Supreme Court of any portion of its jurisdiction, but it would not be pretended for a moment that when it prescribed and limited the counties within which a resident plaintiff might bring his action, that it was ousting the Supreme Court of jurisdiction because but for the restriction the action might be brought in some other county.

The further reason assigned is that the statute determines the counties in which an action shall be commenced, and the agreement of parties cannot be permitted to have the effect of a repeal of the statute for their benefit.

The purpose which the statute has in view is to further the convenience of parties, and the benefits assured by statute may be waived as readily as other rights.

The argument of the court in *Matter of N. Y., L. & W. R. Co.* (98 N. Y. 447) conclusively disposes of this question. In that case the owner of certain real estate which the corporation desired to acquire for railroad purposes entered into a contract with it, by which she agreed to sell and convey the premises, and the corporation agreed to purchase for a price to be ascertained in proceedings to be instituted by the corporation under the General Railroad Act.

The agreement named the commissioners who it was stipulated should be appointed in the proceedings. It reserved all rights of appeal given by law in such proceedings. Subsequently such proceedings were instituted; the persons named in the agreement were appointed as commissioners; a hearing was had and a report made from which an appeal was taken to the General Term, which reversed the award and ordered a new appraisal, but refused to appoint new commissioners on the ground that the court has not the power. From that portion of the order refusing to appoint new commissioners an appeal was taken to the Court of Appeals. That court affirmed the order, and in the course of its opinion said:

" But the agreement of the parties bound them and concluded the court in that proceeding, and the court was bound as between the parties to observe, enforce and carry out the agreement. Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory and even constitutional rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contracts than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipulate that the decision of a court shall be final, and thus waive the right of appeal; and all such stipulations not unreasonable, not against good morals or sound public policy, have been and will be enforced; and

generally all stipulations made by parties for the government of their conduct, or the control of their rights, in the trial of a cause, or the conduct of a litigation, are enforced by the courts."

The order sustaining the demurrer and the interlocutory judgment entered thereon should be reversed, with costs and printing disbursements, and the demurrer overruled, with costs.

O'BRIEN, J.:

Unless contrary to public policy or good morals courts will enforce contracts as made by the parties when reasonable and enforcible without public inconvenience.

A stipulation or condition by a resident not to bring suit outside a particular county is not opposed to public policy or good morals. Whether reasonable or enforcible without great inconvenience will depend on the facts appearing.

Here the condition is not assailed for fraud or mistake, it being conceded by the demurrer that the contract was deliberately entered into without fraud or mistake.

Conditions ousting courts of jurisdiction or enforcible at the expense of great public inconvenience have been declared inoperative. A condition such as is here involved has never been judicially condemned in this State, and I think it would be going too far to hold that parties may not freely and fairly enter into a contract which is not shown to be either unconscionable, unreasonable, contrary to public policy or good morals and thereafter have it enforced as made. I, therefore, concur with Mr. Justice PARKER.

FOLLETT, J., not voting.

Order sustaining demurrer and interlocutory judgment entered thereon reversed, with costs and disbursements, and the demurrer overruled, with costs.