SYRACUSE PLASTER COMPANY, INC., Plaintiff, *v.* AGOSTINI BROTHERS BUILDING CORPORATION, Defendant.

Supreme Court, Onondaga County, April 22, 1938.

*Cregg, Brazell & Del Vecchio,* for the plaintiff.

*Milton Elias Schattman,* for the defendant.

SMITH (E. N.), J. The plaintiff brings the action as assignee of the Sherman Plastering Company, Inc., of a claim for work, labor and services and materials, performed or furnished to the defendant in the sum of $2,185.70. As assignee, the plaintiff stands, in these motions, in no different position than its assignor, the Sherman Plastering Company, Inc.

On or about the 3d of February, 1934, the defendant entered into a written contract with the State of New York for the construction of a cell block at the New York State Reformatory, Elmira, N. Y., and sublet certain items of the work under said contract to the Sherman Plastering Company, Inc.; and the latter, having performed work, labor and services and furnished materials of the claimed value of $2,185.70 under said subcontract, on or about the 17th day of August, 1937, assigned its claim against the defendant to the plaintiff herein.

The contract between the Sherman Plastering Company, Inc., and the defendant contained a provision for arbitration of any dispute that might arise during the continuance of the agreement, and named three possible arbitrators, to wit, an arbitration board maintained by the Building Trades Employers Association, the Credit Association of the Building Trades of New York, or the American Arbitration Association, all located in the city of New York. All disputes or controversies of the character involved herein were to be submitted to arbitration. It provided for the rules governing the arbitration, and the cost thereof. The parties further agreed that any *suit* brought for any claim growing out of or arising under the contract should be brought only in courts of the State of New York *located in the county of New York and having jurisdiction of the claim involved.* There is here no attempt to oust the courts of jurisdiction.

As above noted, the provisions of the contract are binding upon the plaintiff assignee, and the questions herein must be determined as if the assignor were party plaintiff.

If the defendant had failed in its answer to set up the provisions of the contract in reference to arbitration of differences, it would have been deemed to have waived its right to arbitration (*Newburger* v. *Lubell,* 257 N. Y. 383); but there is no waiver of the arbitration, because the answer does set up the arbitration provision as a defense to the action and the defendant has demanded arbitration. The parties have not as yet agreed upon the arbitrator, nor has either party moved for the selection of the arbitrator.

The defendant makes two motions: (1) To change the place of trial for the convenience of witnesses; and (2) to stay all proceedings in the action until the arbitration has been had in accordance with the terms of the contract.

So far as the defendant's motion to change the place of trial is based upon its affidavits as to convenience of witnesses, the motion would have to be denied because of the fatally defective character of the affidavits. On the other hand, there has been reluctance on the part of the courts of this State to change the venue from up-state counties to counties within the metropolitan area because of the congested condition of the trial calendars in that area and the long delays in getting cases to trial, which ofttimes defeated the ends of justice. (*Dairymen's League Co-operative Assn., Inc.,* v. *Brundo,* 131 Misc. 548, 550.) This court is advised that the condition of delay in the trial of causes in the counties within the metropolitan area has been overcome entirely as to causes to be tried by the court without a jury, and partially as to causes where jury trials are necessary. Here, the defendant is willing to stipulate, in case the issues are to be determined by trial instead of by arbitration, that the issues shall be tried by a court without a jury. The issues here are of such a nature that the case should be tried by a court without a jury. As either party may move for the appointment of an arbitrator, there is no occasion whatsoever for a trial by a court: so the reasons often assigned by up-state courts for refusing to send up-state cases to the metropolitan area have no application here, as either party is free to have the arbitration provided for in the contract.

The motion to change the place of trial on the ground of the convenience of witnesses would have to be denied, for the reasons aforementioned, were it not for the provision of the contract above quoted, whereby the parties thereto agreed that any *suit* for any claim growing out of or arising under the contract should be brought only " in the courts in the State of New York located in the county of New York." By this provision of the agreement the parties agreed that the place of trial of any " suit " should be the county of New York. Now we have not here a *suit* in equity, but an action at law to recover damages for work, labor and services performed and materials furnished. The word " suit," in legal nomenclature, is, however, broader than the word " action; " it is generic; while the word " action " applied exclusively to matters at law, the word " suit " applies to any proceeding in a court of justice in which a plaintiff pursues a remedy, whether at law or in equity. (3 Bouvier's Law Dict. p. 3181; *Didier* v. *Davison,* 10 Paige, 515.)

The word " suit " in this contract was intended to cover an action at law.

Stipulations in contracts which provide that any action brought under the contract must be brought in a specified county will be sustained where no question of public policy is involved. (*Benson* v. *Eastern Building & Loan Assn.*, 174 N. Y. 83; *Greve* v. *Ætna Live Stock Ins. Co.*, 81 Hun, 28.) There is here no question of public policy involved. The contract was made in New York county; the plaintiff's assignor, the Sherman Plastering Company, Inc., and the defendant have their principal places of business in New York county. If the parties to a contract stipulated for the trial of any action involving the contract in a county where neither of the parties resided and where the situs of the subject-matter involved was not, then a question of public policy might arise in considering the question whether private parties by contract could impose a burden of expense of court proceeding upon a county which was in no wise related by reason of situs of property involved in or residence of the parties to the action.

The defendant also asks for an order staying all proceedings in the action until the arbitration of the controversy herein involved shall have been had as provided in the contract. The issues involved in this action are clearly referable to arbitration, under the contract. The court being satisfied in that respect, it is mandatory that the motion for a stay be granted. (Civ. Prac. Act, § 1451.)

From the foregoing it follows: (1) That the motion to change the place of trial from Onondaga to New York county should be granted, and that the counter-motion of the plaintiff to retain the place of venue in Onondaga county should be denied; and (2) that the motion for a stay of proceedings herein until the arbitration provided for in the contract shall have been had should be granted.

Ordered accordingly.