Hudson, J.
This is a motion pursuant to section 187 of the Civil Practice Act to change the place of trial of this action from Onondaga County to Cattaraugus County on the ground that the convenience of witnesses and the ends of justice will be promoted thereby.
*91 The contract, which is the subject matter of the action, was entered into in Cattaraugus County, New York. It involved improvements to premises located in that county. The contract recites that the contractor plaintiff had an office in the city of Olean, New York, which is in Cattaraugus County and the negotiations leading up to the execution of the contract on behalf of the contractor plaintiff were conducted by an agent of the company, who together with the local manager thereof resided in the city of Olean, New York. The contract was to be performed in Cattaraugus County. It contained a provision, however, that in the event that court action became necessary the venue of such action should be in Onondaga County, that being the home office of the contractor plaintiff although it had branch offices in some five cities in the State. It is the contention of the plaintiff that by reason of this clause the action must be tried in Onondaga County in which the City of Syracuse is situated and that the defendant does not have a right to have the venue changed under section 187.
The plaintiff has submitted no authority to substantiate its position. I am of the opinion that as between the parties themselves, because of the provision in the contract, the venue of any action brought thereunder should be in the County of Onondaga; that the County of Onondaga was the proper county in which to institute the action and in the event that an action had been instituted by either party in any other county, the other party, if he so elected, could have moved pursuant to subdivision 1 of section 187 of the Civil Practice Act to change the place of trial to Onondaga County. This is particularly true in view of the fact that Onondaga County was the county in which the plaintiff had its principal place of business. (Civ. Prac. Act, § 182; Benson v. Eastern Bldg. & Loan Assn., 174 N. Y. 83, 86.)
The right of parties to a contract to provide therein for the county in which the venue of any action affecting the contract shall be laid has been upheld in Greve v. Ætna Live Stock Ins. Co. (81 Hun 28). This case was followed in Syracuse Plaster Co. v. Agostini Bros. Bldg. Corp. (169 Misc. 564) and in Benson v. Eastern Bldg, & Loan Assn. (67 App. Div. 319), but in the latter case the decision was reversed by the Court of Appeals (174 N. Y. 83, supra). These cases did not involve an application to change the place of trial because of the convenience of witnesses or for the promotion of the ends of justice as authorized under subdivision 3 of section 187 of the Civil Practice Act. The motion in the present action is made under that subdivision. *92 The relief provided under subdivision 3 is dependent upon the court’s discretion. It is not based solely upon the convenience of or benefit to the parties themselves but rather depends entirely upon equitable grounds, its enforcement being left to the discretion of the court. The right to proceed under subdivision 3 of section 187 of the Civil Practice Act has long been recognized even when the proceedings have been started by an aggrieved party for a change of the place of trial under the provisions of subdivision 1 of section 187; the practice being for the other party to move by cross motion under subdivision 3 of section 187 for the relief therein authorized. (Behrman v. Pioneer Pearl Button Co., 190 App. Div. 843; Hudson Co. Consumer’s Brewing Co. v. Odell, 190 App. Div. 866.)
In the case of Syracuse Plaster Co. v. Agostini Bros. Bldg. Corp. (169 Misc. 564, supra) Justice Smith, while holding that the parties could contract that the venue of an action could be laid in a specific county, limited such right to those actions in which no question of public policy was involved and held that there was no such question in that case. Justice Smith stated (p. 567): “If the parties to a contract stipulated for the trial of any action involving the contract in a county where neither of the parties resided and where the situs of the subject-matter involved was not, then a question of public policy might arise in considering the question whether private parties by contract could impose a burden of expense of court proceeding upon a county which was in no wise related by reason of situs of property involved in or residence of the parties to the action.” While the motion under consideration in the Syracuse Plaster Co. v. Agostini Bros. Bldg. Corp. case (supra) included a request for the change of the place of trial on the grounds of convenience of witnesses, no decision was made upon that point as the court stated that the affidavits were fatally defective in character.
In my opinion, it would be against public policy to permit the parties to contract generally to remove from the courts discretionary authority granted by the Legislature. The relief granted by the courts as a matter of discretion under subdivision 3 of section 187 is not provided solely for the benefit or convenience of the parties themselves. The convenience of the witnesses might in many cases be controlling and there arc innumerable grounds upon which relief under subdivision 3 of section 187 has been granted which have no bearing on the rights of or benefits to either of the parties to the action. I, therefore, hold that the provisions of the contract in this *93 case requiring venue to be laid in Onondaga County is enforcible to the extent that the parties by reason thereof have established Onondaga County as the proper county. However, such a stipulation in the contract does not take away from the court the discretionary right granted by subdivision 3 of section 187 to change the place of trial, “ Where the convenience of material witnesses and the ends of justice will be promoted by the change.” It is, therefore, necessary to determine whether the defendant has shown facts justifying relief under subdivision 3 of section 187 of the Civil Practice Act.
The defendant has set forth the names of three witnesses, all residents of Cattaraugus County whom she claims will be necessary witnesses as to the character of the property in question, the cost of the improvements covered by the contract and the establishment of the amount of damages claimed by the plaintiff in its complaint. The plaintiff seeks in the action to recover for the damages for the alleged breach of the contract and alleges in its complaint that the amount of its damage is the difference between the contract price and the amount that it would have cost the plaintiff to have performed its contract. It, therefore, seems evident that testimony of witnesses familiar with the property in question and the value of materials and labor in the county where the contract was to be performed would be material and necessary to the defense of the action. The plaintiff contends that these witnesses cannot be considered because they are expert witnesses. The nature of their testimony would not, it seems to me, constitute expert testimony, at least in the general sense of the term. The defendant also sets forth the names of three officers of the Exchange National Bank of Olean, New York, whom she contends would testify that no effort had been made on the part of the plaintiff to obtain financing as specified in the contract. The plaintiff in its complaint sets forth the contract by reference thereto and also alleges that the defendant signed an application for F. H. A. credit. While it is not clear to the court that the testimony of the bank officers or employees would be material in the defense of the action, the matter of the F. H. A. application is made a part of the plaintiff’s cause of action as set forth in its complaint and may become an issue upon the trial. If it does, the testimony of these witnesses might become material. The defendant also sets forth as necessary witnesses, the salesman and manager of the plaintiff who were in charge of the plaintiff’s branch office both of whom reside in Olean, New York. Again, it is not clear that these witnesses will be material to the defense of the *94 action. The plaintiff urges that inasmuch as these witnesses are its employees their attendance would he secured in Onondaga County. The defendant cannot rely on such an assumption and if it became necessary for the defendant to obtain the testimony of these witnesses in Onondaga County, considerable unnecessary hardship would be imposed by reason thereof. In any event, the court is satisfied that John E. Fichtner, Earl W. Ek and Charles S. Smith are necessary and material witnesses for the defendant.
In the opinion of the court, the ends of justice will be promoted by a change of the place of trial to Cattaraugus County for the reason that the defendant is a widow; that she resides in the village of Portville, Cattaraugus County, which is less than ten miles from Olean; that the contract between the parties was entered into in Portville, New York, through representatives of the plaintiff which had a branch office in Olean; that everyone who has personal knowledge in connection with the execution of such contract or of the carrying out of the same would appear to be residents of Cattaraugus County; that the property which was to be improved by reason of the terms of such contract is located in Cattaraugus County and that there is no one in Onondaga County who would appear to have any personal knowledge of the subject matter of the action. Cattaraugus County is a rural county and the action can be reached for trial at a much earlier date than in Onondaga County whose county seat is the City of Syracuse, a large urban community. The court calendar in Onondaga County is considered a congested calendar by comparison with that of Cattaraugus County, it being generally at least a year before a case can be disposed of once it is noticed for trial. The plaintiff has submitted no facts from which it could be concluded that its rights would be in any way jeopardized by a trial in Cattaraugus County. The motion is, therefore, granted without costs.
Order accordingly.