Richard D. Simons, J.
Motion by defendants for a change of venue from Onondaga County to Oneida County pursuant to CPLR 510 (subd. 3), convenience of witnesses.
The action is for a sum of moneys due for the sale of awnings to the defendants by the plaintiff. The contract of sale contains the following clause: ‘‘ the parties consent that any lawsuit that may arise in any way because of the execution of this agreement or because of a breach thereof for failure to pay shall be tried by a Court without a jury and that the venue of the action shall be in Onondaga County where the home office of the seller is located.”
*553 CPLE 501 provides that a written agreement fixing the place of trial shall be enforced, subject only to the provisions of subdivision 2 of section 510. This section was not contained in the Civil Practice Act. It is said to be merely a codification of the rule of Syracuse Plaster Co. v. Agostini Bros. Bldg. Corp. (169 Misc. 564). The statute provides only one exception to enforcing an agreement of the parties, i.e., that the interests of justice prevent a fair and impartial trial in the county agreed upon. It has been suggested that agreements by contracting parties should also be subject to public policy considerations which might militate against strict enforcement of the statute (cf. Syracuse Plaster Co., supra, p. 567; Gardner & North Roofing & Siding Corp. v. Deaton, 1 Misc 2d 90, affd 286 App. Div. 992; McKinney’s Cons. Laws of N. Y., Book 7B, CPLE 501, Practice Commentary; Weinstein-Korn-Miller, 2 N. Y. Civ. Prac., par. 501.04). No such reasons are apparent in the instant case. The fact that defendants propose to call seven witnesses, all residents of Oneida County, is not a sufficient excuse for overriding the agreement of the parties when the plaintiff’s place of business is Onondaga County and it clearly was within its rights to lay the venue there. Motion denied.