Daniel E. Macken, J.
The court will treat this application as a motion for summary judgment pursuant to CPLR 3211, subd. (c).
On April 11, 1962 defendants 'signed an agreement with plaintiff for the purchase and installation of aluminum clapboards, a storm door and some steps for cash price of $1,880. The agreement further provided: “ The Owner desires to pay for the foregoing materials and labor with the aid of a deferred payment plan for which he ha [sic] separately executed a lending institution credit application simultaneous herewith in the sum of eighteen hundred eighty dollars ($1880.00). The Owner authorizes and directs the Contractor as agent for the Owner to process said credit application, to obtain the necessary loan and upon acceptance thereof by the lending institution to deliver the promissory note also separately executed herewith to the lending institution at the proper time. The Owner agrees to pay to the lending institution 60 monthly installments of thirty-nine and 09/100 dollars ($39.09) each, commencing 60 days after completion.”
By letter dated April 16, 1962 the plaintiff was notified that defendants were “ treating this document as a nullity because of certain material misrepresentations which were made to both of them by your representatives and because of a failure to disclose certain other items in the alleged document.” None of the materials have been delivered or installed.
The agreement provided that “ [T]he owner further agrees in the event of any breach of the terms and conditions of this *880 agreement on the part of the Owner to be performed, to pay to the Contractor as liquidated damages a sum equal to 30% of the amount of the contract price, or at its option, the contractor may institute proceedings at law for such damages as it may establish. * * * The owner further agrees that should any court action be necessary * * * the owner shall be liable for 20% attorney’s fees which are agreed to be reasonable.”
This action is brought to recover alleged damage of $650.40 by reason of defendants’ repudiation of the agreement and attorney’s fees in the amount of $130.08.
This motion is based upon defendants’ contention that the agreement constituted a “Retail instalment obligation” as defined in article 10 of the Personal Property Law and that, as such, it fails to comply with several of the provisions of section 402 of the Personal Property Law.
It may first be said that the agreement, in form, obviously fails to comply with several provisions of subdivisions 2 and 3 of section 402 of the Personal Property Law. Plaintiff however contends that the instrument is not a ‘ ‘ Retail instalment obligation ” subject to the provisions of the statute for two reasons: first, as stated in its brief, because ‘ ‘ the only mention in the contract of monthly installments is in paragraph number four. This paragraph gives the owner the option that in the event the owner does not desire to pay the entire purchase on completion of the said work to pay the same in installments ”, and second, that the agreement is excluded from the operation of the statute by the provisions of paragraph (c) of subdivision 7. of section 401 of the Personal Property Law.
As to plaintiff’s first contention, the agreement specifically states that the owner desires to pay for the materials and labor with the aid of a deferred payment plan and, simultaneously with the signing of the contract, the defendants executed an application to the Merchants National Bank and Trust Company of Syracuse to obtain credit under title 1 of the National Housing Act. By letter dated April 16, 1962 the bank notified the defendants that the loan would be made. Had the loan not been approved, I do not believe that the plaintiff could have enforced the agreement as a cash obligation, and I therefore conclude that unless plaintiff’s second contention is valid, the agreement constituted a ‘ ‘ Retail instalment obligation ’ ’ and was required to comply with the provisions of article 10.
In defining “ Retail instalment obligation ”, section 401 (subd. 7, par. [c]) of the Personal Property Law, in effect at the time the agreement was made, excluded ‘ ‘ an obligation which is intended to be and is ultimately insured or guaranteed by the *881 federal housing commissioner ’ It may be noted that by the Laws of 1962, chapter 289 (eff. Oct. 1, 1962) this exception has been eliminated. While it is clear that the obligation was intended to be insured or guaranteed by the Federal Housing Commissioner, it is equally clear that it was never “ ultimately ” so insured or guaranteed, and I therefore conclude that the quoted exception contained in paragraph (e) of subdivision 7 of section 401 is not here applicable.
There remains for determination the effect of the instrument’s failure to comply with the statute upon the obligations of the parties.
Penalties for failure to comply with the statute are specified in section 414 of the Personal Property Law and do not include the absolute right of the buyer to cancel the contract (33 N. Y. U. L. Rev. 88). Subdivision 2 of section 414 provides: “ In case of failure by any person to comply with the provisions of this article, the buyer shall have the right to recover from such person an amount equal to the credit service charge or service charge imposed and the amount of any delinquency, collection, extension, deferral or refinance charge imposed.” The right to recover such charges implies the right to not pay them in the first instance. While it may have been intended that the delinquency and collection charges mentioned in subdivision 2 of section 414 had reference only to such charges as defined in subdivision 6 of section 402, the statute on its face is not so limited. A memorandum of the State Banking Department describes section 414 as providing that “ a buyer may recover all charges imposed upon him from anyone who fails to comply with the act” (McKinney’s Session Laws of New York 1957, p. 2118). Webster’s New Twentieth Century Dictionary— Unabridged — Second Edition defines “delinquency” as ‘ ‘ failure or neglect to do what duty or law requires ’ ’.
It seems to me that the intent of subdivision 2 of section 414 is that, if a seller fails to comply with the provisions of the article, the buyer in the last analysis is obliged to pay only the cash sales price of goods or services actually delivered or supplied. (For a far more stringent sanction, see the Minnesota Motor Vehicle Retail Installment Sales Act, Minnesota Statutes Annotated, sec. 168.75.)
In my opinion, the refusal of the defendants to perform the contract constituted a delinquency, and the contract provisions for damages and attorney’s fees are delinquency and collection charges within the purview of subdivision 2 of section 414. The defendants are entitled to summary judgment dismissing the complaint, with $20 costs of this motion.