Eugene F. Sullivan, J.
This is a motion by the defendant to change the place of trial of this action from the County of Oneida to the County of Onondaga and a cross motion by plaintiffs to retain the venue in Oneida County. The grounds, upon which the defendant’s motion is based, are that the parties have entered into a written agreement setting forth the County of Onondaga as the place of trial and for the convenience of witnesses. The ground for plaintiffs’ cross motion is for the convenience of witnesses.
The contract, which is the subject matter of this action, was entered into in Oneida County. The negotiations leading up to the execution of the contract were conducted in Oneida County and it involves improvements to premises located in that county.
The defendant is a domestic corporation with its principal place of business in the City of Syracuse, Onondaga County, New York. The'plaintiffs are residents of Oneida County.
The contract provides that the “ parties * * * consent that any lawsuit which may arise in any way because of the execution of this agreement or because of a breach thereof, or a failure to pay shall be tried by the Court * * * and that the venue of the action shall be in Onondaga County, where the home office of the seller is located.”
*197 The right of parties to a contract to provide for the county in which the venue of any action affecting the contract shall he laid has been upheld. (Syracuse Plaster Co. v. Agostini Bros. Bldg. Corp., 169 Misc. 564, 567.)
CPLR 501 provides: “ Subject to the provisions of subdivision two of section 510, written agreement fixing place of trial, made before an action is commenced, shall he enforced upon a motion for change of place of trial.” (Emphasis supplied.)
The Advisory Committee Notes state that the foregoing provision is new and that it codifies the rule of Syracuse Plaster Co. (supra). (2 Standard Civil Practice Service, p. 32.)
CPLR 510 (subd. 2) authorizes the court to change the place of an action where there is reason to believe that an impartial trial cannot be held in the proper county. No such claim is made in the instant motion.
It is this court’s opinion that the provision of CPLR 501 is mandatory.
The defendant’s motion to change the venue of this action from the County of Oneida to the County of Onondaga is granted.
In view of this ruling, this court does not pass upon the question of venue on the ground of the convenience of witnesses for either county as the place of trial.