William J. Crangle, J.
This is a motion by the plaintiff for an order dismissing the second and third affirmative defenses contained in the answer. The defendant makes a cross motion for summary judgment pursuant to CPLR, 3212 on the ground that the third affirmative defense involves no triable issues of fact and constitutes a complete defense to plaintiff’s action as a matter of law.
The action is brought upon a house improvement contract in the amount of $3,000. The plaintiff asks for liquidated damages in the sum of $750 and in addition for $187 for attorney’s fees in accordance with clauses in the contract alleged in the complaint.
Since the defendants’ cross motion will result in summary judgment upon the third affirmative defense for the reasons set forth in this decision, no further consideration is now given to the motion addressed to the second affirmative defense.
The defendants’ third affirmative defense states that the instrument upon which plaintiff’s cause of action is based does not comply with the requirements of article 10 of the Personal Property Law, known as the “ Retail Instalment Sales Act ”, and is therefore null and void.
A reading of the instrument in question discloses that it does not comply with the Retail Instalment Sales Act. The contract does not contain the legends and notices required by section 402 of the Personal Property Law, nor does it contain a statement of the credit service charge nor the time balance on purchase, all of which are designed to protect the public from various abuses arising in retail sales.
However, the plaintiff argues that it need not comply because this contract is not and was not intended to be a retail installment obligation as defined in the Retail Instalment Sales Act and that the buyer did not agree to pay the purchase price in installments.
The contract reads in part “ Owner agrees to pay Marlon for said work, labor and services and the furnishing of the aforesaid-materials, the sum of $3,000.00 (exclusive of finance charges) *1048 payable as follows: finance complete amount of improvements for 60 mo. at 61.93 per mo.”
It seems clear that this is a retail installment obligation and that it is not in proper form as required by the appropriate sections of the Personal Property Law.
It is determined upon these facts, and upon the reasoning of the court in the case of Ben Constr. Corp. v. Snushall (44 Misc 2d 878, affd. 24 A D 2d 842) that the buyer is obliged to pay only the cash sales price of goods or services actually delivered or supplied by the seller. None were delivered or supplied in the present case, and no issue is raised on this point.
■ The cross motion for summary judgment is granted, with $20 costs. Plaintiff’s motion is denied, without costs.