Frank J. Kronenberg, J.
Defendant, St. Paul Fire and Marine Insurance Company, seeks an order changing the venue of this action from Erie County, where it was started, to New York County, where it now claims the action should be tried. The plaintiff cross-moves for an order retaining venue in Erie County.
Plaintiff was a subcontractor of Sovereign Construction Co., Ltd., on two projects being built by Sovereign Construction Co., Ltd., one in Irving, New York, for the Seneca Nation Housing Authority, the other in Lackawanna, New York, for the Lackawanna Municipal Housing Authority. Plaintiff alleges it was wrongfully discharged on December 11, 1964, and sues on two labor and material bonds given by the defendant, St. Paul Fire and Marine Insurance Company as surety and by Sovereign Construction Co., Ltd., as contractor.
The contracts between plaintiff and Sovereign Construction Co., Ltd., on both projects contained a clause which provided that the venue of any action arising out of or relating to the *233 contract would be in New York County. Defendant claims this agreement is binding on the plaintiff and is entitled to be enforced under CPLR 501.
CPLR 501 provides that a written agreement fixing the place of trial shall be enforced, subject only to the provisions of CPLR 510 (subd. 2). Said section provides only one exception to enforcing an agreement of the parties and that is where ‘ ‘ there is reason to believe that an impartial trial cannot be had in the proper county ”.
CPLR 501 is said to be merely a codification of the rule of Syracuse Plaster Co. v. Agostini Bros. Bldg. Corp. (169 Misc. 564).
In Syracuse Plaster Co. v. Agostini Bros. Bldg. Corp. (supra, p. 567) the court stated as follows: “ Stipulations in contracts which provide that any action brought under the contract must be brought in a special county will be sustained where no question of public policy is involved. (Benson v. Eastern Building & Loan Assn., 174 N. Y. 83.) ”
Plaintiff argues that the Syracuse Plaster Co. case (supra) is controlling despite the subsequent enactments of CPLR 510 and that, consequently, the agreement by the contracting parties relative to venue should be subject to public policy considerations and that the court need not comply with strict enforcement of the statute.
Although this court may be in sympathy with the contention of the plaintiff, it appears to the court that the statute in question is unambiguous and that said statute must be taken to mean what it says. Should the court attempt to interpret the statute otherwise, the court would be legislating and this is beyond the province of the court.
Consequently, defendant’s motion for a change of venue is granted.