Richard Aronson, J.
Plaintiff in an action brought by her in Wayne County for the rescission of a home improvement contract made between her and the defendant, has moved pursuant to CPLR 3211 to dismiss the counterclaim set forth in the defendant’s answer. Simultaneously therewith the defendant has moved to change the venue of the action from Wayne County to Onondaga County. Both motions will be considered together.
The complaint alleges that on August 23, 1966 in reliance upon certain false and fraudulent representations made to the plaintiff by the defendant’s employee, she signed a certain document which she understood to be a retail installment contract, according to the terms of which the defendant agreed to repair certain damage that had occurred to the plaintiff’s house; that the defendant demanded the sum of $1,000 as a requisite to the performance of any work to be performed pursuant to the contract and the plaintiff paid said sum to the *300 defendant; that the defendant agreed to commence work at once to prevent further damage to the house. The complaint further alleges that the documents which the plaintiff signed did not contain any of the representations which were made to her by the defendant’s employee; that the documents did not comply with the provisions of the Retail Instalment Sales Act; that in spite of repeated requests made by the plaintiff of the defendant to commence the work in September and October, 1966, the defendant refused to do .so, and by reason thereof the plaintiff seeks to recover not only the $1,000 paid by her to the defendant but also damages to the house by reason of the defendant’s failure to promptly perform the work provided for in the contract.
The defendant in its answer admits the execution of the contract and receipt of the $1,000, but denies that it was demanded or that it was a prerequisite to performance. The answer further alleges as a counterclaim that the defendant did prepare to perform the work but the plaintiff refused to allow it to do so, thereby breaching the contract, and that by reason thereof the defendant sustained damages of $850.39, representing the profit the defendant would have realized on the contract, trucking fees paid for delivery and return of materials to and from the plaintiff’s house in the amount of $39.00. Defendant also seeks to recover a 20% attorney’s fee of $177.87, as provided in the contract. The answer further denies that the contract fails to comply with the provisions of the Personal Property Law.
The plaintiff urges that the counterclaim should be dismissed on the ground that the document upon which the counterclaim is based fails to comply with the provisions of subdivisions 1, 2 and 3 of section 402 and also section 405 of the Personal Property Law. Attached to the plaintiff’s moving papers is a copy of the contract of August 23, 1963, rescission of which is sought by the plaintiff in this action. This is a single sheet signed by the plaintiff and bears the notation “ Accepted John P. Karney Salesman”. At the bottom of this instrument is typed “ Ben Construction Corporation ”. By the terms of this contract the defendant agreed to make certain repairs to the plaintiff’s house and furnish the necessary labor and materials for the sum of $2,200, $1,000 of which was to be deposited upon the execution of the contract. The contract further provides that the owners desire to pay for the foregoing materials and labor with the aid of a deferred payment plan for which “ he ha [sic] separately executed a lending institution credit application simultaneous herewith in the sum of twelve hundred dollars *301 ($1200.00) ”. It further provides that “ The Owner agrees to pay the lending institution 60 monthly installments of Twenty Seven-50/100 dollars ($27.50) each, commencing after completion, and the balance of installments shall be paid on even date of each ensuing month thereafter. The total of said installments includes the total net sum due the Contractor and, in addition thereto, the interest and other financing charges, if any, of the lending institution, no part of which latter two items are paid to the Contractor.” There is little doubt that this document standing alone fails to comply with either section 402 or section 403 of the Personal Property Law. However, despite the statement of the plaintiff in her affidavit made in support of the motion that she gave copies of all of the papers she signed in connection with this transaction to her attorney, attached to the defendant’s affidavits submitted in opposition to the motion to dismiss is a copy of the agreement of June 22, 1966, which was evidently superseded by the agreement of August 23, 1966, together with another document bearing the latter date, at the top of which appears in bold type ‘ ‘ Retail Instalment Obligation ”, which is signed by the plaintiff and John P. Karney, the Seller’s Agent. At the bottom of this contract appear the words in handwriting “ Per specifications in attached contract ”. The last-mentioned document provides that “ The Seller agrees to furnish to the Buyer, for $1650.00, the Time Sale Price thereof, i.e., the total of the Time Balance and the Down Payments below, the goods and/or services described on the Back, for repairs, alterations and/or improvements upon or in connection with the above real property, subject to and upon the terms of payment below and the terms on the Back to which the Buyer Agrees:”. It further states that the total cash sales price is $1,200, adds thereto a credit service charge of $450, making the Time Balance $1,650, payable in 60 monthly installments of $27.50 beginning on 1/1/67. It further states “ The Description and Terms on the Back Are Part Hereof, Receipt is Acknowledged of an Executed Copy of This ”, below which is typed in bold type “Retail Instalment Obligation” and the plaintiff’s signature as buyer appears thereunder.
The plaintiff in making the motion relies upon the case of Ben Constr. Corp. v. Snushall (44 Misc 2d 878, affd. 24 A D 2d 842) as authority for her position that the counterclaim should be dismissed. The case can be distinguished from the case at bar. In both cases the printed contract used by the seller is identical. In the Snushall case the plaintiff, as the defendant is attempting to do here, sought to recover damages for the defendant’s alleged breach of an agreement involving *302 the purchase and installation of aluminum clapboards which the defendant was to pay for on a deferred payment plan. In that case the buyer executed only one instrument which contained blank spaces that had not been filled in at the time the instrument was executed. Here it appears that the plaintiff executed two instruments as hereinabove set forth, both of which were complete at the time they were executed. The court in the Snushall case held that the instrument upon which the action was based constituted a retail installment obligation which required compliance with the provisions of article 10 of the Personal Property Law, and since the court found that it did not comply therewith, it then proceeded to determine the effect of the failure to do so upon the obligations of the parties. The court in granting summary judgment dismissed the complaint and held that the refusal of the defendants to perform the contract constituted a delinquency and that the contract provisions for damages and attorneys’ fees were delinquency and collateral charges within the purview of subdivision 2 of section 414 of the Personal Property Law which prescribes the penalties for failure to comply with the statute. The dismissal in that case appeared to be based upon a finding that the agreement upon which suit was brought did not comply with the statute.
According to subdivision 7 of section 402 of the Personal Property Law, all of the terms of an obligation need not be contained in a single document. Considering the two documents upon which the defendant relies in support of its position, this court is of the opinion that together they constituted a retail installment sales contract which complies with the requirements of section 402 of the Personal Property Law. The counterclaim, therefore, states a cause of action, and the plaintiff’s motion to dismiss it is denied without costs.
In the event that the plaintiff herein is unsuccessful in her efforts to rescind the contract upon the ground of fraud, since the court has determined that the contract did comply with the retail installment provisions of the Personal Property Law, the defendant would then be entitled to prove its counterclaim. On the other hand, if the plaintiff prevails and the contract is rescinded, the defendant’s counterclaim would fall since no action would lie for damages for any alleged breach thereof.
Turning now to the defendant’s motion for an order to change the venue from Wayne County to Onondaga County, the ground urged by it is that by the terms of the agreement the owner, here the plaintiff, agreed that ‘1 Should any court action be necessary, the venue of such action shall be in Onondaga County.” The *303 plaintiff in opposition urges that since the action was commenced by her to rescind rather than to enforce the terms of the agreement, she is entitled to bring the action in Wayne County which is the county of her residence.
CPLR 501 provides that a written agreement fixing the place of trial shall be enforced, subject only to the provisions of CPLR 510 (subd. 2). Stipulations and contracts such as the one involved herein will be sustained where no question of public policy is involved. (Benson v. Eastern Bldg. & Loan Assn., 174 N. Y. 83; Greve v. Aetna Livestock Ins. Co., 81 Hun 28.) According to the allegations of the complaint and the prayer for relief, the plaintiff seeks not only rescission of the contract but also damages she claims she sustained by reason of the delay of the defendant in the performance of the contract, and consequently her position that the action is brought solely for rescission of the contract is untenable. While it may be that the plaintiff did not understand the import of the provision under consideration when she signed the agreement, she is bound by the terms thereof. The provision to bring any court action in Onondaga County applies equally to the plaintiff and the defendant. The court finds no reason to believe that an impartial trial cannot be had in Onondaga County nor would a trial therein contravene any public policy and, therefore, the defendant’s motion to change the place of trial from Wayne County to Onondaga County is granted, without costs. Submit orders accordingly.