Paul D. Graves, J.
Defendant seeks an order changing the venue of this action from Pulton County, where it was instituted, to Onondaga where it claims the action should be tried.
The action was brought by plaintiff for rescission of a home improvement contract made between the parties, for restitution of sums paid by plaintiff to defendant, and damages for alleged inferior workmanship and materials. The contract annexed to the complaint contains the following clause: “ The parties hereby waive a trial by jury and consent that any lawsuit which may arise in any way, because of the execution of this agreement, or because of a breach thereof or failure to pay shall be tried by the court without a jury and that the venue of the action shall be in Onondaga County, where the home office of the seller is located.”
CPLR 501 provides that a written agreement fixing the place of trial shall be enforced subject only to the provisions of CPLR 510 (subd. 2). The one exception to enforcement of such an agreement is where “ there is reason to believe that an impartial trial cannot be had in the proper county.”
If it is assumed that the language of CPLR 501 may be disregarded on the additional exception of the agreement being against public policy, no such ground is apparent in the instant case. Defendant’s principal place of business is in Onondaga County. It clearly had the right to commence an action there, and, pursuant to agreement, to have an action brought elsewhere changed to its home county. (Syracuse Plaster Co. v. Agostini Bros. Bldg. Corp., 169 Misc. 564; Kenron Awning & Window Corp. of Eastern N. Y. v. Abbott, 43 Misc 2d 552; Frontier Excavating v. St. Paul Fire & Marine Ins. Co., 50 Misc 2d 232.) Even though plaintiff may not have understood the meaning and importance of the clause in the contract stipulating venue, she is bound by the terms thereof. (See Rivers v. Ben Constr. Corp., 53 Misc 2d 299.)
In view of the decision herein that defendant is entitled to have the place of trial changed from Fulton to Onondaga County pursuant to CPLR 501, it is unnecessary to consider the sufficiency of the moving affidavit for change of venue upon the additional ground of convenience of witnesses. (CPLR 510.) Suffice it to say plaintiff in opposition does not state the names and *323 addresses of her prospective witnesses, nor is there a statement of facts concerning the merits as to which the witnesses will testify. (Weinstein v. Kiamesha Concord, 28 A D 2d 925.)
Defendant’s motion for change of place of trial from Fulton County to Onondaga County is granted, without costs.