■ GERTHA M. RIVERS, Appellant v. BEN CONSTRUCTION CORP., Respondent.— Order unanimously modified to dismiss counterclaim and grant plaintiff's motion for summary judgment for the return of her $1,000 payment and interest from the date of payment, and otherwise affirmed, with costs to plaintiff-appellant, without prejudice to her proceeding with respect to her claim for $10,000 additional damages as alleged in her complaint. Memorandum: Defendant admits in its answer that the contracts were retail installment obligations. None of the several documents signed by the parties, however, complies with section 402 of the Personal Property Law. We disagree with the court below that the several documents, or two of them, read together comprise a contract in compliance with subdivision 7 of section 402 of said law. Accordingly, the contract set forth in defendant's counterclaim is invalid, and plaintiff's motion for judgment dismissing it should have been granted, and likewise her demand for the return of the $1,000 which she admittedly paid to defendant should be repaid to her with interest from September 11, 1966, the date of payment. (Ben Constr. Corp. v. Snushall, 44 Misc 2d 878, affd. 24 A D 2d 842.) (Appeal from order of Onondaga Special Term, granting motion for change of venue and denying motion to dismiss counterclaim.) Present — Williams, P. J., Bastow, Marsh, Witmer and Henry, JJ. [53 Misc 2d 299.]

■ In the Matter of JOHN A. EGLOFF, Respondent v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Judgment and order unanimously reversed, without costs and new trial granted. Memorandum: The accident occurred October 24, 1965, and at that time plaintiff heard Mrs. Doering, the owner and operator of the other vehicle, tell a police officer that she was insured by the Travelers Insurance Company. On May 19, 1966 plaintiff began an action against Mrs. Doering to recover damages for his injuries; and on June 9, 1966 he learned that the insurance on Mrs. Doering's vehicle was cancelled three weeks before the accident. A week later he notified appellant MVAIC of his intention to file claim against it, seven and one-half months after the accident. The court below held that as a matter of law this notice was " as soon as practicable" within the indorsement provision of plaintiff's insurance policy. On the contrary, we hold that a question of fact is presented which should be submitted to a jury (Matter of Haas v. MVAIC 29 A D 2d 447). (Appeal from judgment and order of Erie Trial Term vacating stay of arbitration.) Present — Bastow, J. P., Goldman, Del Vecchio, Witmer and Henry, JJ.

■ LOUIS GOLDEN et al., Appellants-Respondents v. WISTON CORPORATION, Respondent-Appellant, et al., Defendants.— Order, insofar as it dismisses paragraph 14 of the complaint and directs service of an amended pleading, unanimously reversed, with costs, and motion to dismiss the complaint denied. Memorandum: Respondent moved to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd. [a], par. 7). We agree with the conclusion of Special Term that the pleading states a sufficient cause of action in trespass. It follows that the court erred in dismissing as legally insufficient the cause of action set forth in paragraph 14 of the complaint. If such a motion to dismiss is addressed, as here, to the pleading as a whole, it should be denied in its entirety if any cause of action pleaded is sufficient without consideration of the sufficiency of any other pleaded cause of action. (6 Carmody-Wait 2d, New York Practice, § 38:2; Richardson v. Coy, 28 A D 2d 640.) (Appeals from order of Onondaga Special Term granting, in part, motion to dismiss complaint in action for trespass.) Present — Williams, P. J., Bastow, Goldman, Witmer and Henry, JJ.