J. Robert Lynch, J.
The plaintiff Colby has brought this suit in the County Court of Tioga County seeking to rescind a purported contract between herself and the defendant Ben Construction Corporation, alleging fraud in its inducement and seeking damages alleged to have been sustained in consequence of that fraud. Thereafter Ben Construction Corporation sued the plaintiff Colby in the Supreme Court of Onondaga County for breach of the purported contract. Ben Construction Corporation now moves to change the venue of the Tioga County action to the Supreme Court of Onondaga County on the ground that the Tioga County Court lacks jurisdiction over its person and property and because the contract in question provides that any action arising between the parties should be tried in Onondaga County.
The amended complaint in the Tioga County action alleges jurisdiction through the defendant’s regular and extensive solicitation of business in that county, that the alleged fraud occurred there and that the plaintiff was a resident of that *851 county. (See Judiciary Law, § 190.) The answer denies these allegations and cites lack of jurisdiction as an affirmative defense. The defendant’s petition only repeats this conclusory assertion. Since it offers no facts to warrant relief, it must he denied (Circle Bake Shop v. Demand Oil Corp. 21 Misc 2d 643).
The defendant relies on Rivers v. Ben Constr. Corp. (53 Misc 2d 299, mod. 29 A D 2d 1048) as authority for changing venue to the venue county of the contract. We cannot agree. In Rivers, the plaintiff sued not for rescission alone. She also sought damages alleged to have been sustained by delay in performance of the contract, and it was this recognition of the contract by the plaintiff that evoked the court’s citation of CPLR 501 and the change of venue to the contracted county.
Here the plaintiff has recognized no validity in the contract for any purpose. She disavows it completely. She seeks rescission on the ground of fraud in being induced to sign it. ■She seeks damages, arising not out of delay in performance, but out of the fraud alleged to have been perpetrated.
Federal Housecraft v. Faria (28 Misc 2d 155, 156) is analogous. There the contractual provision waived a jury trial. The defendant sought a jury trial of its affirmative defense of fraud in the inducement of the contract which the court granted. “ Otherwise the party seeking such a trial would be at a disadvantage in having to proceed to trial without a jury by virtue of the waiver provision in an agreement which may be void in its entirety for want of legal consent.”
The plaintiff should not be deprived of a trial in a proper county by a provision in an agreement which her trial seeks to have declared void for any purpose. The defendant’s motion is in all respects denied.