■ GRANITE AUTO LEASING CORP., Respondent, v. JEFF-MAR BUS LEASING CORP. et al., Appellants.— In an action to recover (1) damages for breach of an alleged lease of equipment and (2) upon a guarantee, defendants appeal from (1) a judgment of the Supreme Court, Nassau County, entered April 17, 1973 in favor of plaintiff after a nonjury trial, and (2) an amended judgment of said court, entered May 14, 1973 pursuant to an order of said court dated May 11, 1973. Appeal from original judgment dismissed as academic, without costs. That judgment was superseded by the amended judgment. Amended judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. The major issue for determination was whether the contract was indeed a lease or whether it was a retail instalment contract within the meaning of article 10 of the Personal Property Law. If it was the latter it clearly violated the provisions of that article. The contract in question "leases" a boat to defendant Jeff-Mar Bus Leasing Corp. Jeff-Mar's obligations were guaranteed by defendant Greenberg, its president. The "lease" provided that Jeff-Mar was to pay a fixed monthly rental of $1,101.38 for 60 months, plus a monthly rental tax of $55.07. The original value of the boat was set forth as $49,519. Over the five-year life of the "lease", Jeff-Mar's payments, excluding the rental tax, would total $66,082.80. Paragraph 4 of the "lease" provided that the "lessee" could terminate the "lease" at any time after the 60th month by surrendering the boat to the "lessor" for sale and that upon such surrender the boat shall be sold by the "lessor" for cash to the highest bidder at wholesale. The "lease" provided for a monthly depreciation reserve of $808.65 (1/60th of the original value) and that if the vehicle be sold, the excess received over the depreciated value shall be returned to the "lessee" as a refund of rental (less a 2% administrative charge, or $25, whichever is greater). A "retail instalment contract" is defined in subdivision 6 of section 401 of the Personal Property Law, insofar as is pertinent, as follows: " 6. 'Retail instalment contract' or 'contract' means an agreement entered into in this state, pursuant to which the title to, the property or a security interest in or a lien upon goods, which are the subject matter of a retail instalment sale, is retained or taken by a retail seller from a retail buyer as security, in whole or in part, for the buyer's obligation. * * * *The term also includes a * * * · leasing of goods by which the * * * lessee contracts to pay as compensation for their use a sum substantially equivalent to or in excess of their value and by which it is agreed that the * * * lessee is bound to become, or has the option of becoming, the owner of the goods upon full compliance with the terms of the contract"* (emphasis supplied). In *Matter of New York World-Telegram Corp.* v. *McGoldrick* (298 N. Y. 11, 18), the court observed: "The agreement is cast in the form, style and language of a lease, but we must look to the rights it confers and the obligations it imposes to determine whether it has the essential attributes of a contract of conditional sale or of an installment sale (*Central Union Gas Co.* v. *Browning,* 210 N. Y. 10). If the conditional vendee has possession of the chattel, is obligated to pay for it and, having paid, becomes or has an option to become the owner of it, the vendor retaining the right to retake the goods if the conditional vendee defaults in his obligation to pay for them, there is a conditional sale ". An analysis of the provisions of the instant contract reveals that it is a sale in the sense that upon full compliance with the terms of the contract the "lessee" has the option of becoming the owner of the boat without further payment, and self-interest would insure that "the lessee" do so. Upon completion of the payments the depreciated value of the boat would be zero. The sale which would take place thereafter would be

totally for the benefit of the "lessee" (subject to a 2% charge). The "lessee" can become the owner simply by bidding the highest amount, as he would be paying 98% of the money bid to himself (see *Matter of Brothers Coach Corp.*, 9 UCC Ref. Serv. 502 [E. D. N. Y., May 17, 1971]). There are other indicia present which demonstrate that this was a sale and not a lease, as, for example, (a) when the boat was originally purchased, the down payment was paid by defendant Greenberg and not by plaintiff; (b) upon default, plaintiff was to sell the boat and credit Jeff-Mar with the proceeds; and (c) the contract does not specifically require Jeff-Mar to return the boat at the expiration of the "lease" period. By holding that the contract was in fact a lease, the trial court failed to reach certain other issues. If the boat was in fact sold for business or commercial purposes, the sale did not fall within the ambit of article 10 (Personal Property Law, § 401, subd. 1). We are of the view that the evidence adduced at trial was insufficient to permit of a determination as to the use to which the boat was to be put. Consequently, a new trial is required as to this issue. Should the contract be found to fall within the ambit of article 10, it is not invalid, but the liability of defendants will be limited to the cost of the boat less the amounts already paid and the amount received on the sale after surrender or repossession (see *Ben Constr. Corp.* v. *Snushall*, 44 Misc 2d 878, affd. 24 A D 2d 842). We further note that it was error to allow interest in such a manner as to award interest on interest (see *Atlas Fin. Corp.* v. *Ezrine*, 42 A D 2d 256). Gulotta, P. J., Hopkins, Latham and Brennan, JJ., concur.