John R. Tenney, J.
This is a motion to transfer the venue of action No. 1 from the Supreme Court of Onondaga County to the Supreme Court of Oneida County.
The defendant in action No. 1 has also commenced an action in the City Court of the City of Utica seeking equitable relief to rescind the contract. The defendant concedes that the City Court does not have jurisdiction and asks that the City Court action be transferred to the Supreme Court of Oneida County and consolidated with action No. 1.
Julia Demko is a resident of the City of Utica and Oneida County. On or about the 20th of February, 1974, she signed a *923 contract with Gardner & North Roofing and Siding Corp. for certain home improvements which were to cost the sum of $1,900 to be paid upon completion of the contract. Unsuccessful attempts were made to cancel, but the work has not been performed.
The contract contains a clause which provides that the trial shall be without a jury, and the venue shall be in Onondaga County. CPLR 501 which codifies the rule of Syracuse Plaster Co. v Agostini Bros. Bldg. Corp. (169 Misc 564), provides "[sjubject to the provisions of subdivision two of section 510, [a] written agreement fixing place of trial, made before an action is commenced, shall be enforced upon a motion for change of place of trial”. CPLR 510 (subd 2) states that the court may change the place of trial where "there is reason to believe that an impartial trial cannot be had in the proper county”.
There has been some suggestion that despite the wording of the two sections, the Legislature did not intend to eliminate the court’s inherent right to control venue. The Practice Commentary by Joseph M. McLaughlin to CPLR 501 (McKinney’s Cons. Laws of N.Y., Book 7B, CPLR 501, pp 2-3) argues that some consideration should be given to venue change to promote the convenience of material witnesses and the ends of justice which was always possible under the Civil Practice Act. (Gardner & North Roofing & Siding Corp. v Deaton, 1 Misc 2d 90, affd 286 App Div 992.) Professor McLaughlin argues that such a remedy should also be available under the CPLR.
This approach is amplified in Weinstein-Korn-Miller, New York Civil Practice (vol 2, par 501 et seq.). Suggestions are proposed to guide the court. Generally, the contract should be sustained "where no question of public policy is involved”. Where neither of the parties resides in the contracted county, and the property is not located in that county the traditional rules should prevail and the court should select the proper venue. In the broader sense, the court should not enforce the contract if it is unconscionable, unreasonable or contrary to public policy and good morals.
Appellate Division Justice Simons, when in the Supreme Court, rejected a similar motion in Kenron Awning & Window Corp. of Eastern, N. Y. v Abbott (43 Misc 2d 552), because he found no public policy issue.
In this case, Julia Demko is a 75-year-old Polish widow who *924 has great difficulty in speaking English and is unable to read in any language. At her age traveling 60 miles to Syracuse would be a serious inconvenience. It could give the draftsman of the contract an unfair advantage. The interests of fair play and justice require that the motion be granted and the venue transferred to her home county. Rather than transfer the City Court action for which there is concededly no jurisdiction, that action should be dismissed. However, the defendant Julia Demko shall be granted leave to amend her answer and set forth any defenses or counterclaims which she may have in the action.