*498 OPINION OF THE COURT
Myriam J. Altman, J.
Petitioners seek varied relief pursuant to CPLR article 78. Respondent cross-moves to change venue to Supreme Court, Kings County.
Since 1965 respondent, the Board of Education of the City of New York (the Board), has contracted with private bus companies to provide transportation for all handicapped students and other students who live a prescribed distance from their schools. These contracts are awarded through a competitive bidding procedure, in accordance with subdivision 14 of section 305 of the Education Law. In early 1979, the Board announced that it would accept bids on certain school bus routes, with service to commence September, 1979. Petitioners, who are all school bus operators, properly submitted bids and were each awarded several routes by the Board.
The routes obtained by petitioners were at the expense of other private bus companies which had held the rights thereto since 1974. Employees of these companies (represented by the Amalgamated Transit Union, Locals 1061 and 1181), concerned with the threat of immediate loss of jobs and future erosion of job security, began a strike on February 15, 1979, which virtually halted school bus transportation within New York City. This strike and a resultant lawsuit (Macchiarola v Sapporita, Index No. 3343/79, Supreme Ct, Kings County, Hirsch, J.) were settled pursuant to a court-approved agreement in May, 1979. It appears that the terms of the settlement were negotiated with the active participation of both Mr. Justice Hirsch and Mr. Justice Mollen, Presiding Justice of the Appellate Division, Second Department.
The settlement agreement attempted to ease the fears of the striking bus drivers by imposing several conditions upon contractors who had previously bid on, and been awarded, new bus routes. These contractors (including petitioners) were required, inter alla, to sign "side agreements” with the Board that amended the basic contract under which bids had been taken and accepted. Petitioners thereby agreed (a) to hire new personnel from a seniority list consisting of drivers from other bus companies who had become unemployed due to the reassignment of routes, and (b) to make contributions to the Amalgamated Transit Union Employees Pension Fund on behalf of union members hired from the seniority list.
*499 There have been serious disputes concerning the promulgation and implementation of the provisions of the side agreements, especially those relating to formation of the seniority list and the method of hiring therefrom. In the instant proceeding, petitioners seek (a) to enjoin the Board from enforcing the side agreements, and (b) to invalidate the side agreements and seniority list as arbitrary and unlawful.
Respondent, as noted above, has cross-moved to change the venue of this proceeding to Supreme Court, Kings County, where it is conceded that venue would lie under CPLR 506 (subd [b]). Petitioners contend that their basic contract with respondents, which the side agreements merely amended, provides that: "All actions or special proceedings involving disputes relating to this contract shall be brought in New York County”; and that this provision must be enforced pursuant to CPLR 501. The court does not agree, for the reasons stated below.
CPLR 501 constitutes the Legislature’s authorization for judicial enforcement of contracts which fix venue and provides: "Subject to the provisions of subdivision two of section 510, written agreement fixing place of trial, made before an action is commenced, shall be enforced upon a motion for change of place of trial.”
The strict reading of this rule urged by petitioners would allow nonenforcement of a contract fixing venue only where CPLR 510 (subd 2) (relating to a fair and impartial trial) applies. This was clearly not the intent of the Legislature, which in promulgating CPLR 501 meant to codify the holding in Syracuse Plaster Co. v Agostini Bros. Bldg. Corp. (169 Misc 564; see Notes of the Advisory Committee on Practice and Procedure, CPLR 501, NY Legis Doc, 1957, No. 6[b], p 16).
In Syracuse Plaster Co. v Agostini Bros. Bldg. Corp. (supra, at p 567) the court stated: "Stipulations in contracts which provide that any action brought under the contract must be brought in a specified county will be sustained where no question of public policy is involved.” (Emphasis added.) It is therefore reasonable, and indeed necessary, to conclude that CPLR 501 will not be enforced if to do so would contravene the interests of public policy. (See Gardner & North Roofing & Siding Corp. v Demko, 82 Misc 2d 922; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C501:l-C501:3, pp 3-5; 2 Weinstein-Korn-Miller, NY Civ Prac, par 501.04.)
*500 Public policy dictates that the instant case be transferred to Kings County. The complex issues involved in this proceeding arise from the terms of a court-approved and ordered agreement to settle recent litigation in that county. The settlement and plans for its implementation were negotiated and formulated with the assistance of Mr. Justice Mollen, Presiding Justice of the Appellate Division, Second Department. A number of lawsuits involving facts similar to those in this case have already been heard by Justice Hirsch in Supreme Court, Kings County, after having been assigned to him by the Administrative Judge of that court. At least one of those proceedings in which Avet Coach Corp. et al. were the petitioners, was transferred to Kings County from Supreme Court, Queens County. The relief sought by petitioners herein, if granted, would in effect void the settlement agreement, and frustrate the extensive efforts of the Kings County judiciary to resolve a dispute which affected thousands of New York City residents. Further, there is a possibility of inconsistent results in lawsuits on the same contract, which would lead to even more prolonged litigation. Under such circumstances, petitioners’ challenge to the validity of the settlement agreement should be heard in Kings County.
Accordingly, respondent’s cross motion to change the venue of this proceeding to Supreme Court, Kings County, is granted. This court makes no determination as to the merits of the instant petition.