■ UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, v SEBASTIAN RAGUSA, Appellant. [600 NYS2d 40] — Order, Supreme Court, New York County (William J. Davis, J.), entered March 27, 1992, which, to the extent appealed from, denied defendant's motion to change venue to Nassau County, unanimously reversed, on the law, without costs.

Plaintiff, a Delaware corporation with its principal place of

business in Maryland, commenced this action against defendant, a Nassau County resident, for an alleged breach of an Indemnification and Pledge Agreement (hereinafter "the Agreement") and for payment under a promissory note. Plaintiff commenced this action in New York County based upon a consensual venue provision in the Agreement providing that an action may be brought "in any County in the State of New York". Defendant moved to change venue to Nassau County on the ground that he did not contractually submit to venue in New York County and that venue is proper in Nassau County.

The IAS Court erred in denying defendant's motion to change venue since defendant has raised a triable issue of fact whether his signature on the Agreement, which contains the consensual venue provision, was forged *(Colby v Ben Constr. Corp.,* 57 Misc 2d 850; *cf., Kores Mfg. Corp. v Standard Packaging Corp.,* 31 AD2d 622). Since the venue clause is unenforceable, the court should have granted defendant's motion to change venue to his county of residence (CPLR 503 [a]; 510 [1]). Concur—Murphy, P. J., Rosenberger, Kupferman, Kassal and Nardelli, JJ.