■ EDWARD D. D'ANDREA et al., Appellants, v ALBERT PALANCIA AGENCY, INC., et al., Respondents.—Order, Supreme Court, Bronx County (Harold Tompkins, J.), entered March 3, 1988, which granted the motion of defendants Albert Palancia Agency, Inc. and Mark Palancia to change the venue of this action from Bronx County to Westchester County, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion denied, without costs.

This action arises from a motor vehicle accident which occurred in the City of Yonkers in Westchester County on May 3, 1985. Plaintiff Edward D'Andrea, a Westchester resident, was injured when two cars, one owned and.operated by defendant Catherine Guerci, a Bronx resident, and one owned by defendant Albert Palancia Agency, Inc., a Westchester business, and operated by defendant Mark Palancia, a Westchester resident, collided, causing the Guerci vehicle to leave the roadway, strike a gasoline pump at a service station where

D'Andrea was standing, and dislodge the pump, allegedly causing it to strike D'Andrea.

The two material witnesses to the accident were Elsie Johnson, a passenger in the Guerci car and a Bronx resident, and one "Scotty", a pedestrian passerby and also a Bronx resident.

Plaintiff commenced this action in October 1985 in Bronx County, venue being placed there on the basis of defendant Guerci's residence.

Since that date much pretrial activity has transpired. Extensive discovery has taken place, including oral depositions of all the parties. On May 26, 1987 a note of issue was filed. Subsequently two pretrial conferences were conducted in Bronx County Supreme Court. Only thereafter, on December 11, 1987, almost seven months after the note of issue was filed, did defendants make the instant motion to change venue to Westchester County.

The IAS court granted the motion of the Palancia defendants to change venue to Westchester County because it found a strong nexus to Westchester since the incident occurred in that county, most of the parties resided there, and medical treatment was rendered in that county.

Notwithstanding these contacts with Westchester County, we find that venue was properly laid in Bronx County and that the IAS court abused its discretion in granting the motion to change venue.

Plaintiffs properly designated Bronx County as the venue of the action based on the residence there of one of the defendants, Guerci. (See, CPLR 503 [a].) Moreover, the material witnesses to the incident, Johnson and Scotty, also reside in Bronx County. (See, CPLR 510 [3].) Most significantly, all relevant pretrial activity has already taken place in the Bronx action and at this late date defendants should not be permitted to seek a change of venue, especially since the facts now argued in support of that change were readily apparent at the time the action was commenced. (See, Schneeweiss v Pelkey, 138 AD2d 271, 273; Boriskin v Long Is. Jewish-Hillside Med. Center, 85 AD2d 523.) Concur—Kassal, J. P., Rosenberger, Ellerin and Wallach, JJ.