■ JOANNE ROGERS et al., Respondents, v U-HAUL COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents. WESTCHESTER COUNTY MEDICAL CENTER, Third-Party Defendant-Appellant, et al., Third-Party Defendant.—Order of the Supreme Court, Bronx County (Jack Turret, J.), entered May 24, 1989, which denied third-party defendant Westchester County Medical Center's motions seeking to change venue to Westchester County pursuant to CPLR 504 (1) and 510 (3) and to strike plaintiffs' note of issue and statement of readiness on the grounds discovery in the third-party action was not yet complete, or in the alternative for a severance of the third-party action; denied plaintiffs' cross motion seeking severance of the third-party action; and granted defendants' cross motion to strike plaintiffs' note of issue only to the extent of directing that all outstanding discovery be completed within

90 days, is unanimously modified, on the law and facts, solely to the extent of directing defendants and third-party plaintiffs to have this matter certified for a medical malpractice panel pursuant to Judiciary Law § 148-a and section 202.56 of the Uniform Rules for Trial Courts (22 NYCRR) and to complete all discovery and physical examinations within 60 days of the date of entry of this order, with leave to plaintiffs to move for appropriate relief in the Supreme Court, if defendants and third-party plaintiffs do not proceed in an expeditious manner, without costs.

In the main action, plaintiffs, both Bronx residents, were allegedly injured as a result of a vehicular accident involving a truck owned by defendant U-Haul and driven by defendant Boone, occurring in Bronx County in January 1984. Thereafter, defendants learned, during discovery, of the likelihood that medical malpractice resulted in the aggravation of injuries, and commenced the third-party action in January 1989.

Third-party defendant Westchester County, sued herein as Westchester County Medical Center, moved for a change of venue to Westchester on the basis of CPLR 504 (1), which provides, *inter alia,* that the place of trial of actions against a county is in the county, and pursuant to CPLR 510 (3), the convenience of witnesses.

Plaintiffs cross-moved to sever the third-party action pursuant to CPLR 1010 on the ground its pendency would cause delay in the trial of their claims in the main action. Plaintiffs served and filed a note of issue and statement of readiness certifying all disclosure had been completed while these motions were pending. Consequently, defendants and third-party plaintiffs cross-moved to strike that note of issue to allow completion of discovery in the third-party action. Third-party defendant Westchester County moved also to vacate plaintiffs' note of issue and statement of readiness or in the alternative to sever the third-party action.

The Supreme Court denied all the motions except that of defendants to strike the note of issue, and granting that only to the extent of directing the completion of discovery within 90 days.

CPLR 504 (1) is couched in mandatory terms and, absent compelling countervailing circumstances, should be complied with, since its purpose is to protect public officers from inconvenience and, therefore, it is to be given "more than ordinary consideration" *(Powers v East Hudson Parkway Auth.,* 75 AD2d 776, 777). However, in the instant case, the fact that the

county is a third-party defendant, and that the main action involves Bronx residents suing as to an accident occurring in the Bronx, constitutes such a compelling circumstances overriding the directive of CPLR 504.

The Supreme Court also acted within the scope of its discretionary powers in denying severance of the third-party action, with the object of preventing contradictory results and in the interests of judicial economy. Further, the court's grant of the motion to strike plaintiffs' note of issue and statement of readiness only to the extent of directing completion of discovery within 90 days was a proper exercise of its discretion (see, Power Test Petroleum Distribs. v Northville Indus. Corp., 114 AD2d 405, 407). However, the IAS court failed to ensure that third-party defendant would have the benefit of a medical malpractice panel determination when the trial commences, and we modify the order to direct third-party plaintiff to proceed in an expeditious fashion to obtain such a determination. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Smith, JJ.