■ RENA L. YASGOUR et al., Appellants, v CITY OF NEW

YORK et al., Respondents, et al., Defendants.—Order, Supreme Court, Bronx County (Hansel McGee, J.), entered June 11, 1990, which granted defendants-respondents' motion to reargue their motion to change venue of this consolidated action to New York County, unanimously reversed, on the law and in the exercise of discretion, the motion to reargue denied, the original order of the same court entered January 5, 1990 fixing venue in Bronx County reinstated, and the matter ordered on for trial forthwith, without costs.

Plaintiffs commenced two separate actions arising out of injuries sustained by plaintiff Rena Yasgour when she slipped and fell on the sidewalk in front of 590 Fifth Avenue in New York County. The action against the City of New York was commenced in New York County in July 1987 and a separate action was commenced against the corporate defendants in Bronx County in August 1987, venue thereof being based on plaintiffs' residence in the Bronx. Defendants Saxonia Realty Corp N. V. (Saxonia) and Lehrer, McGovern Bovis, Inc. (Lehrer) moved in Bronx County for consolidation with the action against the city and transfer of the consolidated action to New York County on the ground that, under CPLR 504 (3), venue of any action commenced against the city should be in the county in which the cause of action arose and also on the ground that the venue of a consolidated action should normally be fixed in the county where jurisdiction was first invoked. The city's only action at that point was the filing of an affirmation stating that it was not opposed to consolidation. Plaintiffs consented to consolidation but opposed venue in New York County. Defendants' motion was granted in part and denied in part to consolidate the actions and fix venue in Bronx County. Saxonia and Lehrer then moved and the city cross-moved to reargue the venue issue. Reargument was granted and, upon such reargument, venue changed to New York County.

We find that the IAS court improperly granted reargument. Since the city failed to state any position as to venue at the time of the original motion, it was not entitled to reargument of this issue. (See, Foley v Roche, 68 AD2d 558.) As to defendants Saxonia and Lehrer, their original motion, insofar as it sought placement of venue in New York County on the grounds of CPLR 504 (3), was properly denied on the ground that only the city may invoke this statute. In any case, neither the statutory provision nor the additional ground upon which these defendants sought reargument, i.e., that venue of a consolidated action is generally placed in the

county where the first action was filed, is conclusive, and they may be overcome by a showing of circumstances compelling trial elsewhere. *(Spadaccini v City of New York,* 9 AD2d 502.) We are satisfied that the circumstances herein, including the fact that the case has already been noticed for trial in Bronx County, are sufficiently compelling to overcome the general rule, and the IAS court's original decision to allow the action to remain in Bronx County was a proper exercise of its discretion. The matter should therefore proceed to trial in Bronx County without delay. Concur—Rosenberger, J. P., Ellerin, Kassal and Rubin, JJ.