■ CARMEN RUIZ, Appellant, v CITY OF NEW YORK et al., Respondents. [599 NYS2d 822] —Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered October 29, 1992, which granted the motion of defendants Westchester County and Liberty Lines Transit, Inc. to change venue of this action from Bronx County to Westchester County, thereby denying plaintiff's cross-motion to retain venue in Bronx County, affirmed, without costs.

In this action brought by a passenger allegedly injured in a two-car collision in Bronx County, the motion court properly granted the venue change to Westchester County in accordance with CPLR 504, which provides, *inter alia,* that all actions brought against a county shall be tried in that county. While the CPLR speaks in mandatory terms, exceptions have been judicially recognized in the face of "compelling countervailing circumstances" *(Rogers v U-Haul Co.,* 161 AD2d 214, 215). Plaintiff failed to meet that burden here. Although she provided a general list of witnesses whose testimony she expects at trial, she provided no specific information concerning their alleged testimony; indeed, her papers did not even state whether these supposed witnesses had even been contacted. Such a showing is insufficient, as a matter of law, to overcome a statutory presumption regarding a change of venue *(see, Culhane v Jensen,* 179 AD2d 582; *Weisemann v Davison,* 162 AD2d 448; *Greene v Hillcrest Gen. Hosp.,* 130 AD2d 621).

Our decision in *Powers v East Hudson Parkway Auth.* (75 AD2d 776) should control the disposition of this appeal. There

we reversed the motion court and transferred venue from New York County to Westchester County under CPLR 504, stating: "Despite this apparent absolute right of a governmental entity to such a transfer, there is authority for respondent's position that, on a cross motion for retention of venue, the court has discretionary powers under the criteria of CPLR 510 (subd 3). This discretion has been exercised when the convenience of witnesses would outweigh the purpose of CPLR 504 [citations omitted]. In the absence of compelling circumstances, courts should comply with the statutory direction. In this regard it should be noted that in the balancing of interests, the convenience of public officers and employees and the use of public records at trial are given more than ordinary consideration [citation omitted]. Respondent stresses the fact that many of his material witnesses, including medical personnel, and respondent himself as a prospective witness, are located in New York County. However, with the ease of modern transportation, travel between adjacent counties has not been deemed so inconvenient as to warrant *[sic]* a change of venue." *(Supra,* at 777.)

The dissent argues that "Westchester County has never demonstrated that it would be inconvenienced by having the matter retained in the Bronx". In our view, this observation is beside the point. We are not confronted here with a contest of convenience. Westchester County invokes a statutory right creating a strong presumption of venue within its borders. The burden of demonstrating hardship adequate to overcome the statute is entirely plaintiff's, a burden which she never carried. It may be noted that plaintiff's own convenience is not an issue here. Her residence in Middletown, Orange County, is closer to the Westchester courthouse than to the Bronx. Furthermore, the Murray defendants, both Bronx residents, affirm through counsel that they would not be inconvenienced by a trial in Westchester.

We have examined plaintiff's other contentions, including the supposed untimeliness of the County's motion, and find them to be without merit. The record discloses that the County first moved for this venue change at the earliest opportunity, and that motion was denied by reason of the then joinder of the City of New York as a party defendant. That impediment to relief has been removed by the stipulation dismissing the City from the action. Concur—Carro, J. P., Wallach, Kassal and Nardelli, JJ.

Milonas, J., dissents in a memorandum as follows: In my opinion, the order being appealed herein should be reversed.

This action arose out of an accident which occurred in Bronx County when the vehicle in which plaintiff, an Orange County resident, was a passenger collided with an automobile owned by Linus Murray, Jr., a Bronx resident. The drivers of both cars, Luis Ruiz and Linus Murray, are also Bronx residents. According to plaintiff, the mishap took place when the Murray vehicle attempted to avoid hitting a bus being negligently driven by Cordon Drew, a Bronx resident. Liberty Lines, owned by Westchester County, held a franchise from the City of New York to operate the bus. In addition, a nonparty witness and occupant of the car in which plaintiff was riding, Luis Lopez, resides in the Bronx. The New York City Police Department investigated the accident in the Bronx, and plaintiff was hospitalized at Our Lady of Mercy Medical Center, located in Bronx County, and was treated by Manhattan physicians. Apart from the non-Bronx resident, plaintiff, who commenced the instant lawsuit in Bronx County against the City of New York, Westchester County, Liberty Lines and the two Murrays, defendant Westchester County is the only one of the individuals or entities involved in this matter that has no direct nexus to the Bronx. Yet, Westchester County moved for a change of venue pursuant to CPLR 504, which provides that:

"Notwithstanding the provisions of any charter heretofore granted by the state, and subject to the provisions of subdivision (b) of section 506, the place of trial of all actions against counties, cities, towns, villages, school districts and district corporations or any of their officers, boards of departments shall be, for:

"1. a county, in such county;

"2. a city, except the city of New York, town, village, school district or district corporation, in the county in which such city, town, village, school district or district corporation is situated, or if such school district or district corporation is situated in more than one county, in either county; and

"3. the city of New York, in the county within the city in which the cause of action arose, or if it arose outside of the city, in the county of New York."

In granting the motion, the Supreme Court noted that "[t]he action against the City of New York has been discontinued by stipulation of the parties dated May 5, 1992 and so ordered by the court on August 28, 1992. Defendant Westchester County's timely motion to change the venue of this action from Bronx County to Westchester County was denied by Honorable Ger-

ard E. Delaney, Supreme Court, Westchester County, by reason of the City of New York's presence in the action in the application of CPLR § 504 (3). As the City of New York is no longer a party, Westchester County is entitled to have the venue of this action placed in Westchester County by operation of CPLR § 504 (1)." In effect, the court interpreted CPLR 504 as according a county an absolute right to have a case in which it is a defendant tried in that county notwithstanding the lack of any connection between the county and the underlying basis for the action.

Certainly, Westchester County has never demonstrated that it would be inconvenienced by having the matter retained in the Bronx, and it has failed to submit the names, addresses and/or occupations of prospective witnesses from Westchester County whom it intends to call or documents maintained in Westchester County that are necessary to this litigation *(see, Holmes v Greenlife Landscaping,* 171 AD2d 916). No public officers or employees would, thus, be required to suspend their duties in order to give testimony. There is, indeed, no relationship whatever between Westchester County in its capacity as a governmental entity and the present action, and Westchester County's inclusion as a defendant is exclusively attributable to its ownership of Liberty Lines. Thus, by affirming the Supreme Court's decision herein, the majority conclude that CPLR 504 requires that everyone that is in any way associated with the accident in question, the witnesses thereto, the investigating officers, doctors and documents all be transported to Westchester County for no other reason than to satisfy the technical language of CPLR 504.

However, the law is established that the apparent statutory mandate of CPLR 504, while warranting great consideration, is not conclusive and "may be overcome by a showing of circumstances compelling trial elsewhere" *(Yasgour v City of New York,* 169 AD2d 673, 675; *see also, Ortiz v Broadway Mgt. Co.,* 188 AD2d 401; *Rogers v U-Haul Co.,* 161 AD2d 214; *Krupka v County of Westchester,* 160 AD2d 681; *Smith v City of New York,* 158 AD2d 594; *McAdoo v Levinson,* 143 AD2d 819; *Messinger v Festa,* 94 AD2d 792). As the Court explained in *Weissmandl v Murray Walter, Inc.* (147 AD2d 474), "[t]he provisions of CPLR 504, directing that the trial of an action against a county or one of its entities be held in such county, are designed to protect governmental entities from inconvenience *(Powers v East Hudson Parkway Auth.,* 75 AD2d 776). Nonetheless, a court has the power to disregard the statutory direction and place venue elsewhere when the convenience of

witnesses would outweigh the purposes of the statute". Since a transfer of this action to Westchester County would create substantial inconvenience to virtually all of the witnesses concerned with no practical benefit to Westchester County, it was an abuse of discretion for the Supreme Court to grant the motion for a change of venue, particularly considering the fact that Bronx County has dealt with the matter from its inception some four years ago *(see, Ortiz v Broadway Mgt. Co., supra; D'Andrea v Palancia Agency,* 145 AD2d 334).