■ TONYA S. CHAMPION, Individually and as Administratrix of the Estate of WILLIE C. CHAMPION, Deceased, Respondent, v CITY OF NEW YORK et al., Defendants, and BROOKDALE HOSPITAL MEDICAL CENTER et al., Appellants. [611 NYS2d 251] —In consolidated actions to recover damages for wrongful death, the appeal is from an order of the Supreme Court, Kings County (Clemente, J.), dated April 22, 1992, which granted the plaintiff's motion to remove the action against the appellants from Supreme Court, Nassau County, to Supreme Court, Kings County, for consolidation with a related action against, *inter alia,* the City of New York and Kings County Medical Center.

Ordered that the order is affirmed, with costs.

Contrary to the contentions of the County of Nassau, we find that the trial court did not improvidently exercise its discretion in granting the plaintiff's motion to consolidate the two actions and setting venue in Kings County.

We note that there exists no basis for disturbing the determination of the Supreme Court that the actions at bar involve common issues which warrant consolidation. Indeed, as correctly framed by the Supreme Court, the issue is not whether consolidation should be granted, but whether consolidation can be granted, with venue in Kings County.

The controversy herein is over venue. That is, the consolidation of two actions involving two different municipal defendants calls into question competing venue provisions of the CPLR. CPLR 504 (1) provides that an action against a county shall be brought in the county, whereas under CPLR 504 (3), an action against the City of New York shall be brought in the county within the city in which the cause of action arose. However, although CPLR 504 is couched in mandatory terms, it does not preclude consideration of discretionary grounds for the change of venue *(see, McAdoo v Levinson,* 143 AD2d 819). Read thusly, CPLR 504 is no more jurisdictional than any

other venue provision. Having concluded that CPLR 504 does not preclude the consolidation of these actions, it must now be determined whether venue may properly be placed in Kings County.

The general rule for determining the venue of actions which have been consolidated, where the actions have been commenced in different counties, is that absent special circumstances, venue should be placed in the county where the first action was commenced (see, Mitchel v Thacker, 159 AD2d 701). In this case, the first action was commenced in Kings County. We fail to see any reason requiring a departure from the general rule. Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.