■ RIVER BANK AMERICA, Appellant, v DANIEL EQUITIES CORP. et al., Respondents. [614 NYS2d 11] —Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered April 19, 1993, which denied plaintiff's motion for summary judgment in lieu of complaint and granted defendants' cross-motion to change venue and consolidate this action for the purposes of trial with a related action pending in Westchester County, unanimously affirmed, with costs.

Plaintiff, which seeks recovery on a note and guaranty made in connection with a land loan to acquire property for a luxury housing development in Westchester, also made a building loan and project loan to defendants in connection with the same project, the latter of which are the subject of both a breach of contract action by defendants and foreclosure action by plaintiff pending in Westchester. While defendants admitted failing to make direct interest payments on the note herein, they raised as a defense plaintiff's two year practice of taking the interest payments directly from the project reserve fund. Thus, as the IAS Court properly noted, " '[w]hile, as a general rule, the breach of a related contract cannot defeat summary judgment on a promissory note, where "a fundamental question exists as to whether the agreement between these parties can be viewed as being distinct and separate from the note", summary judgment must be denied' " (quoting *Fopeco, Inc. v General Coatings Technologies,* 107 AD2d 609, 609-610, quoting *Ssangyong [U.S.A.] v Sung Ae Yoo,* 88 AD2d 572, 573).

Because the actions involve the same underlying real estate development, it was not an abuse of discretion to consolidate the actions for trial only, and transfer venue to Westchester County, where actions were already pending, the project was located, and plaintiff had its main office *(see, Maccabee v Nangle,* 33 AD2d 918). The existence of a contractual venue provision is not controlling in these circumstances *(see, Matter*

*of Lynzee Transp. Co. v Board of Educ.,* 102 Misc 2d 497).
Concur—Sullivan, J. P., Carro, Ellerin and Asch, JJ.