■ JOSEPH G. RAMPE et al., Appellants v RUDOLPH W. GIULIANI et al., Respondents. [643 NYS2d 214] —In an action, *inter alia,* to abate a public nuisance on real property in Orange County, the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated April 5, 1995, which granted the defendants' motion to change venue to New York County.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the motion is denied.

The plaintiffs brought this action against the City of New

York and numerous government agencies and officials of the City of New York. This action arises out of the defendants' administration of a homeless shelter for men located in Orange County and allegations that the shelter constitutes a public nuisance.

After serving the plaintiffs with a demand for a change of venue pursuant to CPLR 511 (b), the defendants moved for a change of venue (1) pursuant to CPLR 504 (3), which provides that the venue of an action against the City of New York shall be in the County of New York if the cause of action arose outside of the City of New York, and (2) in the alternative, on discretionary grounds pursuant to CPLR 510. The plaintiffs opposed the motion, asserting that its choice of venue was proper pursuant to CPLR 507. That section provides that the venue of an action in which the judgment demanded would affect the use or enjoyment of real property shall be in the county in which any part of the subject of the action is situated. The court granted the motion stating, *inter alia,* that the plaintiffs failed to demonstrate why the mandatory language of CPLR 504 (3) should not be followed. We reverse.

The plaintiffs' initial choice of venue was proper since the judgment demanded would affect the use or enjoyment of real property (*see,* CPLR 507; *Town of Hempstead v City of New York,* 88 Misc 2d 366). Although the language of CPLR 504 indicates that the choice of venue under that provision is mandatory, "CPLR 504 is no more jurisdictional than any other venue provision" (*Champion v City of New York,* 203 AD2d 508, 509; *McAdoo v Levinson,* 143 AD2d 819), and is no more mandatory than CPLR 507 (*see, Town of Hempstead v City of New York, supra).* Where mandatory provisions are in conflict, other factors, such as where the action was first commenced (*see, Champion v City of New York, supra),* and discretionary grounds for a change in or retention of venue (*see, Smith v City of New York,* 158 AD2d 594, 595; *McAdoo v Levinson, supra),* may be considered.

In the instant case, although the defendants argued that they were entitled to a change of venue on discretionary grounds pursuant to CPLR 510, the allegations in their motion papers, which state that several unidentified municipal employees will be inconvenienced, are clearly insufficient to justify a change of venue on discretionary grounds (*see, O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.