■ MANSHUL CONSTRUCTION CORP., Respondent, v SAWYERS GLASS CORPORATION, Appellant, et al., Defendant. (And a Third-Party Action.) (Action No. 1.) SAWYERS GLASS CORPORATION, Appellant, et al., Plaintiff, v AETNA CASUALTY & SURETY COMPANY et al., Respondents. (And a Third-Party Action.) (Action No. 2.) [660 NYS2d 734] —In related actions, *inter alia,* to recover damages for breach of contract, Sawyers Glass Corporation, the defendant in Action No. 1 and a plaintiff in Action No. 2, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated November 2, 1995, as (1) granted the motion of Manshul Construction Corp., the plaintiff in Action No. 1, for consolidation to the extent that it ordered Action No. 2, pending in Supreme Court, Nassau County, to be transferred to the Supreme Court, Queens County, for a joint trial, and (2) granted the appellant's cross motion to consolidate the actions, with venue in Nassau County, only to the extent that the actions would be tried jointly.

Ordered that the order is affirmed insofar as appealed from, with costs to Manshul Construction Corp.

The Supreme Court did not improvidently exercise its discretion in granting the motion of Manshul Construction Corp. (hereinafter Manshul) to try the two actions jointly in the Supreme Court, Queens County, and granting the cross motion of Sawyers Glass Corporation (hereinafter the appellant) to consolidate both actions, with venue in Nassau County, only to the extent that the actions would be tried jointly. Although CPLR 504 (1), which provides that an action against a county shall be brought in that county, is couched in mandatory terms, it does not preclude consideration of discretionary grounds for a change of venue *(see, Champion v City of New York,* 203 AD2d 508; Alexander, 1994 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C504:1, 1997 Pocket Part, at 15; *see also, McAdoo v Levinson,* 143 AD2d 819).

Furthermore, the general rule for determining the venue of actions which have been joined for trial, where the actions have been commenced in different counties, is that absent special circumstances, venue should be placed in the county where the first action was commenced *(see, Champion v City of New York, supra; see also, McAdoo v Levinson, supra).* In this case, Manshul's action was commenced in Queens County, and the appellant had expressly agreed to commencement of any

action in that county under the terms of its contract with Manshul. Moreover, it is clear from the record that Nassau County was named merely as a nominal party to Action No. 2. The appellant has offered no other reasons which require a departure from the general rule. Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.