■ RAFAELA CRUZ, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [674 NYS2d 81] —In an action to recover

damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated June 25, 1997, which granted the motion of the defendant City of New York to change the place of trial from Kings County to New York County.

Ordered that the order is reversed, with costs, and the motion is denied.

On October 1, 1994, the appellant was allegedly injured in an accident occurring in New York County. The location of the accident was apparent to the respondent at least as early as March 10, 1995, when the appellant appeared for a hearing pursuant to General Municipal Law § 50-h.

The appellant commenced this action against the respondent and the New York City Housing Authority (hereinafter the Housing Authority) on or about December 13, 1995, in Kings County, based upon the fact that the principal place of business of the Housing Authority is in Brooklyn (see, CPLR 505 [a]). The respondent served an answer on or about January 12, 1996.

In April 1997 the respondent moved to change the place of trial from Kings County to New York County pursuant to CPLR 504 (3), which provides that the place of trial of an action against the respondent occurring in the City of New York shall be held "in the county within the city in which the cause of action arose". It is undisputed that the respondent's application was untimely by at least 15 months pursuant to CPLR 511, which requires that a demand for change of the place of trial on the ground that the designated county is not the proper county "shall be served with the answer or before the answer is served" (CPLR 511 [a]). The respondent proffered no reason for the delay, but urged that a change of the place of trial to New York County was appropriate pursuant to CPLR 510 in the court's discretion because "all the material witnesses, including plaintiff, upon information and belief, are located in New York County". These allegations were clearly an insufficient basis for a discretionary change of venue (see, Rampe v Guiliani, 227 AD2d 605; O'Brien v Vassar Bros. Hosp., 207 AD2d 169). The respondent also made the conclusory statement that "[r]etaining venue in the County of Kings would consume scarce public resources and would be contrary to the ends of justice". However, since Kings County is located in the City of New York in close proximity to New York County, the basis of that claim is not apparent, and the respondent has not given any basis for that claim.

Accordingly, the order is reversed, and the motion is denied.

O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.