■ FRANCISCO CHAVEZ et al., Respondents, v SCHOOL CONSTRUCTION CONSULTANTS, INC., Defendant. (Action No. 1.) FRANCISCO CHAVEZ, Respondent, v NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT, Appellant. (Action No. 2.) [726 NYS2d 563] —In two related actions to recover damages for personal injuries, etc., the defendant in Action No. 2 appeals from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated January 21, 2000, as, upon granting that branch of the motion of the defendant in Action No. 1, in which it joined, to consolidate the actions, denied that branch of the motion which was to place venue of the consolidated action in the Supreme Court, Suffolk County.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted in its entirety, and the Clerk of Supreme Court, Kings County, is directed to transfer the file of Action No. 1 to the Clerk of the Supreme Court, Suffolk County, and the Clerk of Supreme Court, Suffolk County, is

directed to consolidate the file of Action No. 2 into Action No. 1.

Since the language of CPLR 504 is couched in mandatory terms, and the plaintiffs failed to show the existence of "compelling countervailing circumstances" (see, *Chetrick v Cohen,* 266 AD2d 254; *Ruiz v City of New York,* 195 AD2d 327; *Rogers v U-Haul Co.,* 161 AD2d 214), the Supreme Court, Kings County, improvidently exercised its discretion in retaining jurisdiction of the consolidated action, and denying that branch of the motion which was to transfer venue of the consolidated action to the Supreme Court, Suffolk County (see, CPLR 504; *Chetrick v Cohen, supra; Ruiz v City of New York, supra; cf., Manshul Constr. Corp. v Sawyers Glass Corp.,* 242 AD2d 262; *Champion v City of New York,* 203 AD2d 508; *Yasgour v City of New York,* 169 AD2d 673). O'Brien, J. P., Goldstein, Friedmann and Smith, JJ., concur.