■ HAZEL W. NEWSON, Respondent, v INCORPORATED VILLAGE OF HEMPSTEAD et al., Appellants. [766 NYS2d 54] —In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Durante, J.), dated October 30, 2002, which denied their motion to change the venue of the action from Queens County to Nassau County.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

After the Supreme Court granted the defendants' motion to vacate their default in answering the complaint, the defendants timely moved to transfer venue from Queens County to Nassau County (*see* CPLR 511). Under the circumstances of this case, the defendants' motion to transfer venue of the action to Nassau County, on the ground that venue properly lies in the county in which the defendant village is situated, should have

been granted (*see* CPLR 504 [2]; 9803; *Chavez v School Constr. Consultants,* 284 AD2d 361 [2001]; *Chetrick v Cohen,* 266 AD2d 254 [1999]; *Ruiz v City of New York,* 195 AD2d 327 [1993]; *cf. Manshul Constr. Corp. v Sawyers Glass Corp.,* 242 AD2d 262 [1997]; *Champion v City of New York,* 203 AD2d 508 [1994]; *Yasgour v City of New York,* 169 AD2d 673 [1991]). Accordingly, the Supreme Court, Queens County, erred in denying the motion. Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur.