■ REALTY EQUITY HOLDINGS 3820, LLC, Respondent, v PJ ALIZIO REALTY, INC., Appellant. [785 NYS2d 710]—

In an action, inter alia, for an accounting, the defendant appeals from an order of the Supreme Court, Queens County (Golar, J.), dated April 20, 2004, which denied its motion pursuant to CPLR 511 (b) to change the venue of the action to Nassau County.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 511 (b) to change the venue of the action to Nassau County on the ground that venue was improperly placed in a county where none of the parties resided at the time that the action was commenced (*see* CPLR 503 [a]). Contrary to the defendant's contention, the plaintiff's initial choice of venue was properly placed in the county where the subject real property was situated (*see* CPLR 507; *Rampe v Giuliani,* 227 AD2d 605 [1996]). The plaintiff's allegations that the defendant's actions prevented it from

managing the income and expenditures of its real property were sufficient to support a finding that the judgment demanded would affect the use or enjoyment of that real property (*see Rampe v Giuliani, supra; Avis Rent-A-Car Sys. v Edmin Realty Corp.*, 209 AD2d 656 [1994]). Santucci, J.P., S. Miller, Smith, Cozier and Fisher, JJ., concur.