■ LAURA ANZALONE, Individually and as Administratrix of the Estate of MARISSA ANTONUCCI, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendant. [818 NYS2d 920]—In an action, inter alia, to recover damages for negligent hiring and supervision, assault, and wrongful death, etc., the defendants City of New York and New York City Police Department appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated February 7, 2005, which denied their motion pursuant to CPLR 504 (3) to transfer venue from Kings County to Richmond County.

Ordered that the order is affirmed, without costs or disbursements.

"Although the language of CPLR 504 indicates that the choice of venue under that provision is mandatory, 'CPLR 504 is no more jurisdictional than any other venue provision' " (*Rampe v Giuliani,* 227 AD2d 605, 606 [1996], quoting *Champion v City of New York,* 203 AD2d 508, 509 [1994]). "[E]xceptions have been judicially recognized in the face of 'compelling countervailing circumstances' " (*Ruiz v City of New York,* 195 AD2d 327, 327 [1993], quoting *Rogers v U-Haul Co.,* 161 AD2d 214, 215 [1990]; *see Chavez v School Constr. Consultants,* 284 AD2d 361, 362 [2001]). Here, the Supreme Court providently exercised its discretion, in the interest of justice and to avoid the appearance

of impropriety, by retaining venue in Kings County. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.