Lahtinen, J.
Appeal from an order of the Supreme Court (Mulvey, J.), entered October 1, 2007 in Chemung County, which, among other things, granted defendants’ motion to change venue from Erie County to Chemung County.
Plaintiff George Hatzipetros (hereinafter plaintiff) fell and was injured while working on a bridge owned by defendant County of Chemung. Defendant Vector Construction Corporation was the general contractor on the project, and plaintiffs employer was a subcontractor. Plaintiff and his wife, derivatively, commenced this Labor Law action in Erie County, where they reside. The County and Vector Construction, both represented by the same law firm, moved to change venue to Chemung County pursuant to CPLR 504 (1). Plaintiffs opposed the motion and cross-moved to retain venue in Erie County. Supreme Court granted defendants’ motion and denied plaintiffs’ cross motion. Plaintiffs appeal.
CPLR 504 (1) provides that the venue of an action against a county shall be in such county. The purpose of the statute is to *1040 “protect governmental entities from inconvenience” (Powers v East Hudson Parkway Auth., 75 AD2d 776, 777 [1980]). Consistent with this purpose, the statute creates a “strong presumption of venue” once invoked by a municipality (Ruiz v City of New York, 195 AD2d 327, 328 [1993]). Notwithstanding the mandatory language of the statute, courts nevertheless retain discretionary power to permit venue in another county upon a showing of compelling circumstances (see Vasta v Village of Liberty, 235 AD2d 1006, 1006-1007 [1997]; Ruiz v City of New York, 195 AD2d at 327-328). Indeed, in Vasta, we upheld a plaintiffs choice of venue where the plaintiff set forth in a detailed affidavit the expected testimony of five witnesses (including two physicians, two eyewitnesses and an expert engineer), and the municipality indicated inconvenience with regard to only the responding police officer.
Here, plaintiffs produced affidavits from five potential witnesses. Three of the witnesses were nonparty health care providers of plaintiff, including his primary care physician, the surgeon who operated on his fractured wrist and his physical therapist. Each established the importance of his or her testimony by indicating the treatment provided and gave details of the “tremendous hardship” on him or her (and the witness’s other patients) of having to travel to Chemung County as opposed to a trial in Erie County. Plaintiffs also submitted detailed affidavits from two employees of plaintiffs employer, which was not a party to the venue motions, regarding their testimony (one was an eyewitness and the other was the project manager) and the significant inconvenience to them of a trial in Chemung County rather than Erie County. Defendants responded with the affidavits of three witnesses. However, two of the affidavits are from employees of Vector and, although the municipal and corporate defendants are represented by the same attorney, the inconvenience of Vector’s employees are not entitled to the same weight as the inconvenience of the County’s employees (see Ruiz v City of New York, 195 AD2d at 328). The only affidavit from a county employee was from an individual who is now retired. His purported inconvenience pales in comparison to that of plaintiffs’ witnesses; particularly, the three medical nonparty witnesses. The record reveals compelling reasons to retain venue in Erie County, and the County failed to indicate anything more than a minimal inconvenience to it. Under such circumstances, it was an improvident exercise of discretion to grant defendants’ motion (see Vasta v Village of Liberty, 235 AD2d at 1007; Messinger v Festa, 94 AD2d 792, 792-793 [1983]; see also Messina v Upper Hudson Primary Care Consortium, Inc., 26 AD3d 698, 699 [2006]).
*1041 Cardona, P.J., Mercure, Kane and Kavanagh, JJ., concur. Ordered that the order is reversed, on the facts, without costs, defendants’ motion denied and plaintiffs’ cross motion granted.