■ JOHN M. FEROLITO et al., Respondents, v DOMENICK J. VULTAGGIO et al., Appellants. (And a Related Action and Proceeding.) [982 NYS2d 449]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered June 25, 2013, which, insofar as appealed from, granted plaintiffs' motion and defendants' cross motion for consolidation to the extent of consolidating claims for corporate dissolution under Business Corporation Law § 1104, currently being heard in a matter *Ferolito v Vultaggio* (Sup Ct, NY County, index No. 600396/08) (the Business Corporation Law Dissolution Action) and a common-law dissolution action entitled *Ferolito v Vultaggio* (Sup Ct, NY County, index No. 100568/11) (the common-law dissolution action) with an LLC dissolution action entitled *Ferolito v AriZona Beverages USA, Inc.* (Sup Ct, Nassau County, Commercial Div, Timothy S. Driscoll, J., index No. 4058/12) and, as an incident to consolidation, changed the venue of the Business Corporation Law and common-law dissolution actions from Supreme Court, New York County, to Supreme Court, Nassau County, unanimously affirmed, without costs.

The motion court providently exercised its discretion in conferring with the Justice presiding over the related action pending in Supreme Court, Nassau County, and, upon such

consultation, in consolidating the actions and placing venue for the consolidated matters in Supreme Court, Nassau County (*see River Bank Am. v Daniel Equities Corp.*, 205 AD2d 476, 476 [1st Dept 1994]; *Williams v City of New York*, 191 AD2d 217, 218 [1st Dept 1993]). "Although as a general rule the venue of the action first commenced should be deemed the place of joint trial" (*Fields v Zweibel*, 36 AD2d 808, 809 [1st Dept 1971]; *see Ali v Effron*, 106 AD3d 560, 560 [1st Dept 2013]), "special circumstances" here warrant departure from this general rule (*Fields*, 36 AD2d at 809; *see Yasgour v City of New York*, 169 AD2d 673, 674-675 [1st Dept 1991]). Among the circumstances warranting placing venue in Nassau County were the fact that it is the site of the headquarters of the subject entities (*see Williams*, 191 AD2d at 217; *Pipitone v Zweig*, 163 AD2d 4, 4 [1st Dept 1990]) and, most critically, the fact that, upon consultation with the potentially receiving Justice, the motion court determined that the consolidated matters could be most efficiently handled and tried in Nassau County (*see Yasgour*, 169 AD2d at 675; *Fields*, 36 AD2d at 809).

Defendants have failed to establish that they will suffer any substantial prejudice as a result of consolidation in Nassau County (*see Ali*, 106 AD3d at 560; *Williams*, 191 AD2d at 218).

Defendants point to a never-appealed order entered in Supreme Court, New York County, in November 2010 (the 2010 consolidation order), which transferred the Business Corporation Law dissolution action from Nassau County and consolidated it with the first-filed action between the parties in New York County. Defendants argue that, under the law of the case doctrine, the 2010 Consolidation precludes plaintiffs from seeking to venue the consolidated matters here in Nassau County. This argument is without merit. Mechanically the law of the case doctrine is similar to collateral estoppel, in that both require that an issue have been actually decided in order to pose a bar in a later proceeding (*see Scofield v Trustees of Union Coll.*, 288 AD2d 807, 808 [3d Dept 2001]). The issue of whether the Business Corporation Law and common-law dissolution actions should be consolidated with the LLC dissolution action in Nassau County was not decided in the 2010 order, since the latter two actions had not yet been commenced. Accordingly, the 2010 consolidation order does not have any application here under the law of the case doctrine.

We have considered defendants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Andrias, Manzanet-Daniels and Kapnick, JJ.