■ ADHURIM XHIKA, Appellant, v ROCKY POINT UNION FREE SCHOOL DISTRICT, Respondent. [2 NYS3d 601]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated November 25, 2013, which denied his motion pursuant to CPLR 510 (3) to change the venue of the action from Suffolk County to Kings County.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion to change the venue of the action from Suffolk County to Kings County is granted, and the Clerk of the Supreme Court, Suffolk County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff commenced this action in the Supreme Court, Suffolk County, against the Rocky Point Union Free School District, which is located in Suffolk County. The plaintiff thereafter moved pursuant to CPLR 510 (3) to change the venue of the action from Suffolk County to Kings County. The Supreme Court denied the motion. We reverse.

CPLR 504 provides, in relevant part, that "the place of trial of all actions against . . . school districts . . . shall be . . . in the county in which such . . . school district . . . is situated" (CPLR 504 [2]; *see Wager v Pelham Union Free Sch. Dist.*, 108 AD3d 84, 88 [2013]; *Grumet v Pataki*, 244 AD2d 31, 35 [1998], *affd* 93 NY2d 677 [1999]). "The purpose of CPLR 504, which applies not just to school districts but also to counties, cities, towns, and villages, is to protect municipal entities and their employees from the inconvenience of an alternative venue (*Wager v Pelham Union Free Sch. Dist.*, 108 AD3d at 88; *see Hatzipetros v County of Chemung*, 56 AD3d 1039, 1039-1040 [2008]). "Nevertheless, and despite the seemingly unforgiving language of the statute, venue may be changed to a non-mandated county upon a showing of special circumstances" (*Wager v Pelham Union Free Sch. Dist.*, 108 AD3d at 88; *see Hatzipetros v County of Chemung*, 56 AD3d at 1039-1040). The decision of whether to grant a change of venue is committed to the providently exercised discretion of the trial court (*see McDonald v Southhampton Hosp.*, 133 AD2d 814, 814-815 [1987]).

Here, the plaintiff established that the convenience of material witnesses and the ends of justice outweigh the asserted governmental inconvenience (*see Weissmandl v Murray Walter, Inc.*, 147 AD2d 474 [1989]; *Messinger v Festa*, 94 AD2d 792, 793 [1983]). The plaintiff produced the affirmations from his treating physicians, both of whom maintain a surgical practice in Kings County, and an affidavit from an eyewitness to the accident, who resides in Kings County (*see Hatzipetros v County of Chemung*, 56 AD3d at 1040; *Weissmandl v Murray Walter, Inc.*, 147 AD2d at 474). Each prospective witness disclosed the facts underlying his proposed testimony and asserted that he will be inconvenienced if the trial were conducted in Suffolk County rather than in Kings County (*see O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 172-173 [1995]). The defendant, however, did not assert that any of its employees witnessed the accident (*see Matter of Cornelius v Board of Educ. of Delhi Cent. School Dist.*, 77 AD3d 1048, 1050 [2010]). Furthermore, the defendant failed to establish that any of its trial witnesses would be inconvenienced by traveling to Kings County. Accordingly, the Supreme Court improvidently exercised its discretion in deny-

ing the plaintiff's motion pursuant to CPLR 510 (3) to change the venue of the action from Suffolk County to Kings County. Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.