■ JEAN D. FERGILE, Appellant, v GAIL JUNE PAYNE et al., Respondents. [46 NYS3d 182]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Greco, Jr., J.), entered September 8, 2014, which granted the defendants' motion pursuant to CPLR 504 (1) to change the venue of the action from Queens County to Nassau County, and (2) an order of the same court entered June 25, 2015, which denied his motion for leave to renew his opposition to the prior motion.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff commenced this action against the County of Nassau, among others, in the Supreme Court, Queens County. The defendants moved to change the venue of the action from Queens County to Nassau County pursuant to CPLR 504 (1), which provides that the place of trial of all actions against a county shall be in such county. The Supreme Court properly granted the motion. Although venue may be placed in a county other than the county mandated by CPLR 504 upon a showing of special or compelling countervailing circumstances (*see Xhika v Rocky Point Union Free Sch. Dist.*, 125 AD3d 646, 647 [2015]; *Anzalone v City of New York*, 32 AD3d 408 [2006]), the plaintiff failed to demonstrate the existence of such circumstances in opposition to the motion (*see Chavez v School Constr. Consultants*, 284 AD2d 361, 362 [2001]; *Chetrick v Cohen*, 266 AD2d 254 [1999]; *Krupka v County of Westchester*, 160 AD2d 681, 682 [1990]). The court also properly denied the plaintiff's motion for leave to renew his opposition to the defendants' motion, as the new facts submitted by the plaintiff would not have changed the prior determination (*see* CPLR 2221 [e] [2]).

Accordingly, the orders should be affirmed. Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.