Oster v Bluming (2018 NY Slip Op 01472)





Oster v Bluming


2018 NY Slip Op 01472


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-13277
 (Index No. 1761/15)

[*1]Meir Oster, respondent, 
v
Reuven Y. Bluming, appellant.


Katz & Associates, Brooklyn, NY (Thomas G. Carton of counsel), for appellant.
Subin Associates, LLP, New York, NY (Robert J. Eisen and Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac], of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated September 15, 2016. The order denied the defendant's motion for leave to renew his prior motion pursuant to CPLR 510(1) and 511 to change the venue of the action from Kings County, in effect, to Rockland County, which had been denied in an order of that court dated July 9, 2015, and granted the plaintiff's cross motion pursuant to CPLR 510(3) to retain venue in Kings County.
ORDERED that the order dated September 15, 2016, is affirmed, with costs.
On November 30, 2014, the plaintiff was allegedly injured when his vehicle was struck by the defendant's vehicle in Rockland County. On February 13, 2015, the plaintiff commenced this action to recover damages for personal injuries, placing venue in Kings County based upon his purported residence. In response, the defendant served an answer with a demand to change venue pursuant to CPLR 511(b), and followed up within 15 days with a motion to change venue, in effect, to Rockland County pursuant to CPLR 510(1) and 511, arguing that the plaintiff resided in Rockland County at the time of the commencement of the action and that none of the parties resided in Kings County. In opposition to the defendant's motion, the plaintiff submitted, inter alia, evidence of his residence in Kings County. The Supreme Court denied the defendant's motion.
After the plaintiff's deposition was conducted, the defendant moved for leave to renew his prior motion to change the venue of the action from Kings County, in effect, to Rockland County. Relying on the plaintiff's deposition testimony, the defendant contended that the plaintiff was merely temporarily staying at the apartment of his brother-in-law in Kings County at the time of the commencement of the action, but not with a bona fide intent to retain the place as a residence for some length of time and with some degree of permanency. The plaintiff cross-moved pursuant to CPLR 510(3) to retain venue in Kings County based on the convenience of his treating physician. In the papers filed in reply and in opposition to the cross motion, the defendant failed to raise any argument in opposition to the cross motion or to assert that any of his trial witnesses would be inconvenienced by traveling to Kings County. The Supreme Court denied the defendant's motion for leave to renew and granted the plaintiff's cross motion to retain venue in Kings County. The defendant appeals.
The Supreme Court providently exercised its discretion in granting the plaintiff's cross motion to retain venue in Kings County based upon "the convenience of material witnesses and the ends of justice" (CPLR 510[3]), and properly denied the defendant's motion for leave to renew. In support of his cross motion, the plaintiff submitted the affirmation of his treating orthopedist, who maintained a medical practice in Manhattan. The orthopedist disclosed the facts underlying his proposed testimony, stated that he was willing to testify, and asserted that he would be greatly inconvenienced if the venue of the action was conducted in Rockland County rather than in Kings County (see Xhika v Rocky Point Union Free Sch. Dist., 125 AD3d 646, 647; Mavrakis v Waldbaums, Inc., 302 AD2d 501, 502; O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 172-173; Weissmandl v Murray Walter, Inc., 147 AD2d 474; Messinger v Festa, 94 AD2d 792, 792-793). In opposition, the defendant failed to offer any evidence that his trial witnesses would be inconvenienced by traveling to Kings County (see Xhika v Rocky Point Union Free Sch. Dist., 125 AD3d at 647).
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court