Lema v 1148 Corp. (2019 NY Slip Op 07866)





Lema v 1148 Corp.


2019 NY Slip Op 07866


Decided on October 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2019

Friedman, J.P., Kapnick, Kern, Singh, JJ.


10264N 12228/17 150316/18 31184/17E 150221/18E

[*1] Jesus Lema, et al., Plaintiffs-Appellants-Respondents,
v
The 1148 Corporation, Defendant-Respondent. [And Other Actions.]
Fireman's Fund Insurance Company as subrogee of The 1148 Corporation, Plaintiff-Respondent,
v
Montano Wood Care, Corp., Defendant-Respondent-Appellant.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants-respondents.
Lewis Johs Avallone Aviles, LLP, New York (David Metzger of counsel), for respondent-appellant.
Lawrence, Worden, Rainis & Bard, P.C., Melville (Karin McCarthy of counsel), and Sheps Law Group P.C., Huntington (Robert C. Sheps of counsel), for respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 6, 2018, which denied the motion of plaintiffs Jesus Lema and Maria Lema for consolidation of three personal injury actions and to set venue in the Bronx, and granted the motion of defendant The 1148 Corporation for joint discovery and trial of the three personal injury actions and one subrogation action, with venue set in New York County, unanimously affirmed, without costs.
There is a preference to join cases for discovery and trial in the interests of judicial economy and ease of decision-making where there are common questions of law and fact, unless the party opposing the motion demonstrates that joint trial will prejudice a substantial right; deference is accorded to the motion court's discretion (see CPLR 602[a]; Raboy v McCrory Corp., 210 AD2d 145, 147 [1st Dept 1994]; Matter of Hill v Smalls, 49 AD2d 724 [1st Dept 1975], appeal dismissed 38 NY2d 893 [1976]). The motion court here providently exercised its discretion in finding that common questions of fact and law warrant invocation of CPLR 602(a) for joint discovery and trial of all four actions (see Bass v France, 70 AD2d 849 [1st Dept 1979]; Bank of N.Y. v Rodgers, 40 AD2d 777 [1st Dept 1972]). That the fourth action is one for subrogation does not substantially prejudice plaintiffs (see Fisher 40th & 3rd Co. v Welsbach Elec. Corp., 266 AD2d 169, 170 [1st Dept 1999]; compare McGinty v Structure-Tone, 140 AD3d 465 [1st Dept 2016] [litigating an insurance coverage claim together with the underlying liability issues is inherently prejudicial to the insurer]).
It was also a provident exercise of discretion for the court to set venue in New York County when it joined the actions. While the first action was filed in the Bronx, that county bears no connection to this matter other than being the residence of the plaintiffs in that action. That the incident occurred in New York County, hospital treatment of plaintiffs was provided in [*2]New York County, and two of the four actions are already pending in New York County are not special circumstances sufficient to justify disturbing the motion court's exercise of discretion such that the motion court's exercise of discretion (see Fields v Zweibel, 36 AD2d 808 [1st Dept 1971]; see also Ferolito v Vultaggio, 115 AD3d 541 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 31, 2019
CLERK