N. C. v Ifezulumbria (2022 NY Slip Op 05515)

N. C. v Ifezulumbria

2022 NY Slip Op 05515

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-08089
 (Index No. 700660/19)

[*1]N. C., etc., et al., appellants, 
v
Console C. Ifezulumbria, defendant-respondent, et al., defendant; Town of Hempstead, et al., nonparty-respondents.

Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellants.
Ferro & Stenz, Westbury, NY (Patricia McDonagh of counsel), for defendant-respondent.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Randy S. Nissan of counsel), for nonparty-respondent Town of Hempstead.
Vincent D. McNamara, East Norwich, NY (Helen M. Benzie of counsel), for nonparty-respondent County of Nassau.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered October 15, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Console C. Ifezulumbria and those branches of the separate cross motions of nonparties Town of Hempstead and County of Nassau which were pursuant to CPLR 504 to change the venue of the action, together with four other actions which were joined for trial, from Queens County to Nassau County.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In January 2019, the infant plaintiff and her mother, suing individually and derivatively, commenced this action in Queens County, inter alia, to recover damages for personal injuries they alleged the infant plaintiff sustained in a motor vehicle accident in Nassau County in 2018 involving four infant pedestrians and four motor vehicles. Seven additional actions were commenced by other plaintiffs to recover damages for personal injuries they alleged they sustained in the accident. Three of the actions, which named, among others, the County of Nassau and the Town of Hempstead as defendants, were commenced in Nassau County; the other four, and this one, were commenced in Queens County. Thereafter, the defendant Console C. Ifezulumbria moved, and nonparties Town of Hempstead and County of Nassau (hereinafter together the nonparty-respondents) separately cross-moved, to join for trial this action with the seven other actions that had been commenced after the plaintiffs had commenced this action and pursuant to CPLR 504 to change the venue of the five cases that had been commenced in Queens County to Nassau County. All parties consented to join the eight cases for trial. In an order entered October 15, 2020, the Supreme [*2]Court granted that branch of Ifezulumbria's motion and those branches of the separate cross motions of the nonparty-respondents which were pursuant to CPLR 504 to change the venue to Nassau County. The plaintiffs appeal.
The Supreme Court properly granted those branches of the motion and the cross motions which were pursuant to CPLR 504 to change the venue of the cases joined for trial to Nassau County. CPLR 504(1) provides that the place of trial of all actions against a county shall be in such county, and CPLR 504(2) provides, inter alia, that the place of trial of all actions against a town shall be in the county in which such town is situated. Although venue may be placed in a county other than the county mandated by CPLR 504 upon a showing of special or compelling countervailing circumstances (see Fergile v Payne, 147 AD3d 727, 727; Chitayat v Princeton Restoration Corp., 289 AD2d 102, 102-103), here, the plaintiffs failed to demonstrate the existence of any such circumstances (see Fergile v Payne, 147 AD3d at 727; Chavez v School Constr. Consultants, 284 AD2d 361, 362).
The plaintiffs' remaining contentions are without merit.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court