EUNICE SMITH, Respondent, v CITY OF NEW YORK, Defendant, and COUNTY OF WESTCHESTER et al., Appellants.—

The plaintiff, a Bronx resident, was a passenger on the appellants' bus when it collided with a New York City sanitation truck at an intersection in The Bronx. She allegedly sustained personal injuries, and brought suit against the defendants, setting venue in The Bronx pursuant to CPLR 503 (a) and 504 (3). The defendant County of Westchester and Liberty Lines Transit, Inc., moved for a change of venue, arguing that CPLR 504 (1) as well as 510 (3) mandated a transfer of venue to Westchester County. Their motion was denied.

Where statutory venue provisions are in conflict, the court

may, under its discretionary powers, change or retain venue upon considerations set forth in CPLR 510 (3) of "the convenience of * * * witnesses and the ends of justice" *(see, McAdoo v Levinson,* 143 AD2d 819; *Weissmandl v Murray Walter, Inc.,* 147 AD2d 474). The appellants relied upon CPLR 504 (1), which states that the place of trial of an action against a county shall be "in such county". They failed to present grounds pursuant to CPLR 510 (3) to support a transfer. The lack of opposition by the City of New York to the appellants' motion cannot be construed as a waiver, as the burden fell upon plaintiff to sustain her choice of venue. The determination of the Supreme Court was an appropriate exercise of its discretion *(see, McAdoo v Levinson, supra).* Mollen, P. J., Brown, Kooper and Miller, JJ., concur.