■ JOHN VASTA, Respondent, v VILLAGE OF LIBERTY, Appellant, et al., Defendant. [652 NYS2d 676] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Torraca, J.), entered December 10, 1993 in Sullivan County, which, *inter alia*, denied defendant Village of Liberty's motion for a change of venue.

On June 13, 1992, plaintiff, a resident of Suffolk County, was driving his motorcycle in the Village of Liberty, Sullivan County, when he skidded on a curve in the roadway and struck a telephone pole. He allegedly sustained personal injuries and commenced this action against defendants, setting venue in Suffolk County. Defendant Village of Liberty moved for a change of venue pursuant to CPLR 504 (1). Plaintiff opposed the motion and cross-moved pursuant to, *inter alia*, CPLR 510 (3) to retain venue in Suffolk County. Supreme Court ruled in plaintiff's favor, prompting this appeal by the Village.

We affirm. Although CPLR 504 (1) provides that the place for trial in a suit against a municipality "shall be" in the county where the municipality is located, a court may nevertheless, "under its discretionary powers, change or retain venue upon considerations set forth in CPLR 510 (3) of the

'convenience of * * * witnesses and the ends of justice' " (*Smith v City of New York*, 158 AD2d 594, 595, quoting CPLR 510 [3]). This provision requires that the party seeking a change of venue present the names, addresses and occupations of the witnesses whose convenience it is claimed will be affected, as well as an indication that these witnesses are willing to testify and the substance of their testimony, which must be necessary and material (*see, Andros v Roderick*, 162 AD2d 813, 814). There must also be a showing as to how the witnesses will be inconvenienced (*see, O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 173).

While the Village failed to present sufficient grounds to justify a transfer, plaintiff has amply supported his choice of venue. The Village cited only one witness it intended to call, the police officer who responded to the scene of the accident. Even accepting that the officer's testimony was sufficiently particularized and that the other prerequisites of CPLR 510 (3) were satisfied, plaintiff set forth, in detail, the expected testimony of five of his witnesses: two individuals who were with plaintiff when the accident occurred, and who live in Suffolk County; two physicians, from Westchester County, who treated plaintiff after the collision; and an engineer, also from Westchester County, who is expected to offer an expert opinion. Plaintiff also adequately explained how these witnesses would be inconvenienced if forced to travel to Sullivan County. Plaintiff's submissions sufficiently demonstrate that Supreme Court's decision to retain venue in Suffolk County was a provident exercise of discretion (*see, Smith v City of New York, supra*, at 595). The remaining contentions raised by the Village have been considered and are rejected.

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with costs.