OPINION OF THE COURT
Louis C. Benza, J.
Defendants move this court to change the venue of this action from Albany County to New York County. Plaintiff opposes such relief and cross-moves to retain venue in Albany County.
*150 Plaintiff is a California corporation authorized to do business in this state and has designated New York County as a place where its offices are located in its certificate filed with the Secretary of State (affidavit of Eli C. Schulman, exhibit 9). Defendant Verizon Services Corporation is a Delaware corporation, authorized to do business in this state and defendant Verizon New York, Inc. is a New York corporation (hereinafter collectively referred to as defendants). Both defendants’ certificates indicate New York County is the place where their offices are to be located (id., exhibits 10-11). Defendants Does 1 through 100 are individuals, corporations or other business entities whose identities are presently unknown to plaintiff.
Plaintiff commenced this action in July 2002 against defendants alleging violation of the Donnelly Act and Public Service Law (affidavit of Eli C. Schulman, exhibit 1 [complaint]). Defendants subsequently filed a notice of removal of the case to the United States District Court Northern District and moved to dismiss the action. Plaintiff thereafter moved to remand the case back to Supreme Court. In November 2002, District Court remanded the action back to Supreme Court and directed that defendants should file any motions to dismiss in this court (see, 233 F Supp 2d 381 [2002]). Defendants thereafter sought certification to the Second Circuit Court of Appeals and plaintiff moved for costs and expenses (affidavit of Susan L. Taylor, exhibit C). Both motions were denied. On November 27, 2002, the District Court’s order was filed in the state court’s docket.
In February 2003, plaintiff notified defendants that they were in default for failing to timely answer, and afforded defendants 20 days to serve an answer before plaintiff moved for a default judgment (affidavit of Eli C. Schulman, exhibit 4). Within this 20-day period, defendants served a demand to change venue to New York County. Plaintiff refused defendants’ demand and defendants brought the instant motion to change venue. In opposing defendants’ motion, plaintiff cross-moved to retain venue. Defendants ultimately served their answer on March 18, 2003.
In support of its motion, defendants contend that the demand to change venue was timely because it was made before its answer was due. Further, defendants contend Albany County is an improper venue, and New York County is the proper place for trial because New York County is the principal place of business of both parties and the action accrued in New York County. In opposition, plaintiff counters that defendants’ mo *151 tion to change venue is untimely and, alternatively, the court should exercise its discretion to grant plaintiff’s cross motion to retain venue based on the convenience of the witnesses and the ends of justice. Specifically, plaintiffs argue that the Public Service Commission may become involved in this case and its offices are in Albany, and Albany County is a better forum due to court congestion in New York County.
A demand to change venue as a matter of right under CPLR 510 (1) must be served with the answer or before the answer is served (see, CPLR 511 [a]). Here, defendants served a demand to change venue on February 14, 2003, and served their answer in March 2003. Next, a defendant must move within 15 days of the demand to change venue, unless within five days a plaintiff serves a written consent (see, CPLR 511 [b]). Here, defendant moved to change venue within this time frame (notice of motion, dated Feb. 28, 2003). Thus, defendants’ demand appears to be timely.
Plaintiff argues, however, that defendants’ motion is untimely because they were in default at the time they served the demand, as plaintiff commenced this action in July 2002. It is well settled that a defendant served other than by personal service has 30 days within which to answer the complaint (see, CPLR 320). Here, plaintiff commenced this action on July 19, 2002 and served defendants on the same day through the Secretary of State. As such, defendant had 30 days to timely answer the complaint (see, CPLR 320).
Defendant did not answer, however, but removed the action to federal court by notice of petition on August 16, 2002, two days prior to the expiration of this 30-day period.[1] After removal, the action is governed by federal procedural rules, not the CPLR (see, Herzog & Straus v GRT Corp., 553 F2d 789, 791 n 2 [1977]; 2 Haig, Commercial Litigation in New York State Courts § 9.9 [d], at 290).
Federal Rules of Civil Procedure rule 81 (c) provides that when removing a case to federal court, a defendant who has not answered must either answer or object within: 20 days after receipt of the initial pleading or summons, or within five days after the filing of a removal petition, whichever is later (id,.). Defendant did not move to dismiss plaintiff’s action, however, until September 3, 2002. Thus, defendants did not comply with rule 81 (c) and neither timely answered nor *152 likewise made other objection. District Court never reached defendants’ motion to dismiss, however, instead staying plaintiffs response in light of plaintiffs motion to remand the case back to state court.
Ultimately, District Court remanded the case back to Supreme Court in November 2002 without defendants’ motion to dismiss being fully submitted, and directed that defendants “file a motion to dismiss there” (233 F Supp 2d 381, 388 n 3 [2002] ).[2] As such, defendants’ motion to dismiss was not before any court and cannot serve to toll the period for defendants to answer as it ordinarily would under state rule (CPLR 3211 [f]). Accordingly, defendants were required to either answer or move to dismiss plaintiffs complaint in Supreme Court. Even if this court were to consider the date the District Court remanded the action back to Supreme Court to start an entirely new 30-day period, defendants would still be in default as they neither answered nor moved to dismiss the action during this time frame. This does not, however, end the inquiry.
Ultimately, on February 12, 2003, plaintiff advised defendants that they were in default, and “requested that an answer be served * * * within 20 days * * * [and] in the absence of such an appearance, [plaintiff] will seek a judgment of default” (affidavit of Eli C. Schulman, dated Feb. 27, 2003, exhibit 4). Contrary to plaintiffs contention, the court determines that plaintiffs letter extended defendants’ time to answer by extending this deadline pursuant to CPLR 2104, and was not merely additional notice as required before proceeding under CPLR 3215, as plaintiff suggests.
The next inquiry is whether extension of the time to answer also extended the date by which to make the instant motion to change venue. Under these circumstances, the court determines that it does. Here, plaintiffs letter states that an answer is to be served within 20 days. While the court recognizes that a party can limit an extension of time to serve an answer to exclude motions for other relief, such as a motion to dismiss (see, Venizelos v Venizelos, 30 AD2d 856 [1968]), the instant case does not present such a circumstance. CPLR 3211 requires a motion to dismiss be made before a responsive pleading is required (see, id.). Conversely, CPLR 511 simply requires that a demand for change of venue be made with or before the answer (see, id.). The statute does not provide that the demand be *153 made within the time the answer is required. Thus, given that the court construes plaintiffs letter as an extension to file an answer, and that a demand to change venue may be made with the answer, the court determines that defendants’ demand and subsequent motion were timely. The court next addresses the merits of defendants’ motion.
It is undisputed that New York County is the principle place of business for both plaintiff and defendants, and the county where the alleged conduct took place. As such, New York County is the proper venue for this action and there is no basis for venue in Albany County (see, CPLR 503). Plaintiffs initial choice of an improper venue, however, did not preclude its cross motion for a change of venue pursuant to CPLR 510 (3) addressed to the court’s discretion for convenience of the parties or the ends of justice (see, Goercke v Kim Yong Kyun, 273 AD2d 110, 110 [2000]; Vasta v Village of Liberty, 235 AD2d 1006 [1997]). Plaintiff has not, however, made the requisite showing with respect to the convenience of the parties (see, Vasta v Village of Liberty, supra [requiring names, addresses and occupations of the witnesses whose convenience it is claimed will be affected and statement that these witnesses are willing to testify]). Likewise, the court is unpersuaded by plaintiffs contentions, of court congestion in New York County and the potential involvement of the Public Service Commission, that the ends of justice require the court to exercise its discretion and retain venue in this matter.
Accordingly, defendants’ motion to change venue to New York County is granted and place of trial is granted, and plaintiffs cross motion to retain venue is denied.

. Defendants amended their petition on August 23, 2002 (233 F Supp 2d 381 [2002]).

. Defendants do not argue that they did not receive notice of the remand from District Court.