American Tax Funding, LLC v Druckman Law Group PLLC (2019 NY Slip Op 06323)





American Tax Funding, LLC v Druckman Law Group PLLC


2019 NY Slip Op 06323


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


665.1 CA 18-01583

[*1]AMERICAN TAX FUNDING, LLC, PLAINTIFF-APPELLANT,
v
DRUCKMAN LAW GROUP PLLC, DEFENDANT-RESPONDENT. 






CAMARDO LAW FIRM, P.C., AUBURN (JUSTIN T. HUFFMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
DRUCKMAN LAW GROUP PLLC, WESTBURY (MARIA SIDERIS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered February 14, 2018. The order granted the motion of defendant for a change of venue. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from an order granting defendant's motion for a change of venue from Monroe County to Nassau County. Contrary to plaintiff's contention, Supreme Court properly determined that defendant's motion was timely and in compliance with the procedure set forth in CPLR 511. We agree with defendant that the court's prior order granting it leave to serve a late answer pursuant to CPLR 3012 (d) effectively extended the time for it to serve its written demand for a change of venue (see North County Communications Corp. v Verizon N.Y., 196 Misc 2d 149, 152-153 [Sup Ct, Albany County 2003]; see also Valley Psychological, P.C. v Government Empls. Ins. Co., 95 AD3d 1546, 1547 [3d Dept 2012]). Defendant timely served its written demand on May 9, 2017, "before the answer [was] served" on May 15, 2017 (CPLR 511 [a]). In its subsequent motion for a change of venue (see CPLR 511 [b]), defendant established that Nassau County is, and Monroe County is not, a proper venue for trial of the action, and the court therefore properly granted the motion as a matter of right (see Agway, Inc. v Kervin, 188 AD2d 1076, 1077 [4th Dept 1992]; see generally Siegel NY Prac § 123 at 223 [5th ed 2011]).
In light of our determination, plaintiff's remaining contentions are academic.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court